[Cite as *State v. Litteral*, 2012-Ohio-5335.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  9-12-08

      v.

CHERYL L. LITTERAL,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  9-12-45

      v.

CHERYL L. LITTERAL,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Marion Municipal Court**
**Trial Court Nos. CRB 1102259 and TRC 1106171A**

**Judgment Affirmed in Case No. 9-12-08; Judgment of Conviction**
**Affirmed in Case No. 9-12-45, and Judgment Entry of Sentence Vacated**

**Date of Decision:   November 19, 2012**

Case No. 9-12-08, 9-12-45

**APPEARANCES:**

    *Kevin P. Collins*  **for Appellant**

    *Mark Russell and Steven E. Chaffin*  **for Appellee**

**PRESTON, J.**

{¶1}  Defendant-appellant, Cheryl L. Litteral, appeals the Marion County Municipal Court's judgment entries of conviction and sentence. We affirm the judgment entry of conviction and sentence in appellate case no. 9-12-08 (trial court case no. TRC 1106171A). In appellate case no. 9-12-45 (trial court case no. CRB 1102259), we affirm the judgment entry of conviction but vacate the judgment entry of sentence and remand for resentencing.

{¶2}  This appeal concerns two cases, a traffic case and a criminal case, both stemming from a June 17, 2011 car accident caused by Litteral. (Jan. 18, 2012 Tr. at 107). Since the relevant filings are different in each case, we will discuss the procedural history by case, starting with the traffic case.

### Traffic Case—Case No. TRC 1106171A

{¶3}  As a result of the traffic accident, law enforcement cited Litteral for operating a motor vehicle while under the influence of alcohol/drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor; driving left of the center line in violation of R.C. 4511.29, a minor misdemeanor; and, failure to wear

-2-

a safety belt in violation of R.C. 4513.263, a non-classified offense. (Doc. No. 1). These charges were assigned trial court case nos. TRC 1106171A, B, and C, respectively. (*Id.*).

{¶4} Arraignment was held on August 15, 2011. (Doc. No. 3). On September 1, 2011, Litteral filed a written plea of not guilty. (*Id.*). A pre-trial hearing was held on September 2, 2011. (Doc. No. 2).

{¶5} A motion hearing was scheduled for November 3, 2011. (Doc. Nos. 7, 10). Since Litteral failed to file any motion, the State filed a motion to strike the hearing on the hearing date. (Doc. No. 16). That same day, Litteral filed a motion for leave to file a motion to suppress. (Doc. No. 14). The trial court denied the motion and granted the State's motion to strike. (Doc. Nos. 15, 17).

{¶6} On November 14, 2011, Litteral filed a motion for reconsideration and a motion for an appropriation of funds for an expert witness. (Doc. No. 21-22). Litteral filed a supplemental motion for an appropriation of such funds on December 8, 2011. (Doc. No. 24). The trial court denied these motions. (Doc. Nos. 27, 30).

{¶7} On January 17, 2012, the State filed a motion in limine to exclude from evidence Litteral's blood-alcohol test results. (Doc. No. 32). Litteral filed a memo in opposition, but she filed the memo in the accompanying criminal case. (CRB 112259, Doc. No. 19).

{¶8} On January 18, 2012, the matter proceeded to a bench trial. (Doc. No. 45). Prior to trial, the trial court excluded evidence related to any chemical tests performed upon Litteral's blood or urine. (Jan. 18, 2012 Tr. at 22).[1]

{¶9} After the jury was empaneled but before the trial began, Litteral pled no contest[2] to the OVI charge in exchange for the dismissal of the remaining traffic charges. (*Id.* at 113-114).[3] The trial court accepted the plea, found Litteral guilty, and sentenced her to two years of community control. (Jan. 18, 2012 JE, Doc. No. 45). The trial court also ordered Litteral to serve 30 days in jail, suspending 27 of those days; to pay $1,000 in fines, suspending $450 of the fines; and, the trial court imposed a six-month driver's license suspension. (*Id.*).

{¶10} On February 17, 2012, Litteral filed a notice of appeal. (Doc. No. 50). This appeal was assigned appellate case no. 9-12-08.

### Criminal Case—Case No. CRB 1102259

{¶11} An accompanying criminal complaint was also filed against Litteral on June 17, 2011 alleging possession of drug paraphernalia in violation of R.C.

---

[1] The transcript actually states that such evidence "is going to be admitted"; however, it is clear from the whole record that the trial court meant to say that the evidence "is *not* going to be admitted."

[2] The transcript of the change of plea indicates a plea of "no contest"; whereas, the judgment entry reflects a plea of "No Contest, with stipulated finding of Guilty." (Jan. 18, 2012 Tr. at 113-114); (Jan. 18, 2012 JE, Doc. No. 45).

[3] Although it unclear from the record appealed (TRC 1106171A) whether the remaining charges were actually dismissed, the parties do not dispute this issue, and the trial court records in TRC 1106171B & C (available to the general public on the trial court's website) indicate a dismissal of these charges. The better practice would be for the trial court to note the dismissal of such charges on the record, either at the combined change of plea hearing (which the trial court here did not do) or in the judgment entries in each sub-case (A, B, C, etc.) to clarify the finality of the case for purposes of appeal, especially when a party only appeals one sub-case, like Litteral.

-4-

2925.14, a fourth degree misdemeanor, after law enforcement found a pipe with marihuana residue in her vehicle during an inventory search. (Doc. No. 1); (Jan. 18, 2012 Tr. at 108). This accompanying criminal complaint was assigned trial court case no. CRB 1102259. (Doc. No. 1).

{¶12} An arraignment was held on August 15, 2011. (Doc. No. 2). On September 1, 2011, Litteral filed a written plea of not guilty. (*Id.*). A pre-trial hearing was held on September 2, 2011. (Doc. No. 3).

{¶13} A motion hearing was scheduled for November 3, 2011; however, on the date of the scheduled hearing, the State filed a motion to strike the scheduled hearing since Litteral failed to file any timely motion. (Doc. Nos. 5-6). The trial court granted the State's motion and cancelled the hearing. (Doc. No. 7).

{¶14} On November 18, 2012, the matter proceeded to a bench trial, along with trial court case no. TRC 1106171A. (JE, Doc. No. 28). As part of the plea negotiations, Litteral entered a plea of no contest[4] to possession of drug paraphernalia in case no. CRB 1102259. (*Id.*); (Jan. 18, 2012 Tr. at 113-114). The trial court found Litteral guilty and sentenced her to two years of community control. (JE, Doc. No. 28). The trial court also ordered Litteral to serve 30 days in jail, with all 30 days suspended; to pay a $400 fine, with $250 suspended; and, to forfeit her driving privileges for six months. (*Id.*).

---

[4] See footnote 2, *supra*.

{¶15} On February 17, 2012, Litteral filed a notice of appeal, which was assigned appellate case no. 9-12-45 (Doc. No. 50). We consolidated this appeal with appellate case no. 9-12-08, the traffic case.

{¶16} Litteral now appeals, raising three assignments of error for our review. We will begin our analysis with Litteral's second assignment of error, which relates to both her OVI conviction in trial court case no. TRC 1106171A and her possession of drug paraphernalia conviction in trial court case no. CRB 1102259. Next, we will discuss Litteral's first and third assignments of error since they relate only to her OVI conviction in trial court case no. TRC 1106171A.

### Assignment of Error No. II

**The trial court erred to the prejudice of the defendant-appellant by granting the State's motion to strike and by not considering defendant-appellant's motion to suppress.**

{¶17} In her second assignment of error, Litteral argues that the trial court erred by denying her leave to file a motion to suppress when no trial had been scheduled and discovery was delayed.

{¶18} Motions to suppress must be filed the earlier of 35 days after arraignment or seven days prior to trial. Crim.R. 12(C)(3), (D). The trial court may extend time for such motions in the interest of justice. Crim.R. 12(D). A trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion. *Akron v. Milewski*, 21 Ohio App.3d 140, 142 (9th

Dist.1985). Appellate review is, therefore, limited to whether the trial court abused its discretion. *Id*. An abuse of discretion suggests the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶19} Litteral was arraigned on August 15, 2011. Consequently, Litteral's motion to suppress was due on September 19, 2011. Crim.R. 12(C)(3), (D). The State provided initial discovery at the September 2, 2011 pretrial hearing, and defense counsel indicated she would file a motion to suppress. (TRC 1106171A, Doc. Nos. 6, 14); (CRB 1102259, Doc. No. 4). The State provided additional discovery on October 5, 2011. (See TRC 1106171A, Doc. No. 21, Ex. E). The trial court scheduled a motion hearing for November 3, 2011, but Litteral failed to file any motions. (TRC 1106171A, Doc. No. 7); (CRB 1102259, Doc. No. 5). Instead, on the day of the scheduled motion hearing, Litteral filed a motion for leave to file a motion to suppress. (TRC 1106171A, Doc. No. 14).[5] On December 8, 2011, Litteral filed a motion for supplemental discovery of her blood specimen for independent testing and analysis. (TRC 1106171A, Doc. No. 26); (CRB 1102259, Doc. No. 9). In response to the motion, the State informed the trial court that Litteral's blood specimen was destroyed 96 hours after the draw pursuant to

---

[5] Although Litteral did not file a motion for leave in the criminal case, Litteral indicated that she would raise suppression issues related to the inventory search during which law enforcement located the pipe with marijuana residue. (TRC 1106171A, Doc. No. 14).

Marion General Hospital's standard laboratory retention policy. (TRC 1106171A, Doc. No. 28). On January 17, 2012, a day before trial, Litteral filed a demand for testimony pursuant to R.C. 2925.51(C) of the unknown forensic scientist who performed the laboratory analysis of her blood-alcohol and drug-urine tests. (*Id.*, Doc. No. 40).

{¶20} Litteral's argument that the trial court abused its discretion by denying her leave to file an untimely motion to suppress lacks merit. Litteral admits that she received 30 pages of discovery on September 2, 2011, which included: the accident report; the responding officer's statement concerning the accident and, in particular, his statement that a Stofcheck Ambulance Service employee advised law enforcement that Litteral admitted to drinking four beers prior to the accident; Litteral's blood-alcohol and urine-drug test results; the Stofcheck incident report; and, the Ohio State Highway Patrol property control form, indicating a "wooden pipe in a black bag" and instructions to check for marijuana in the pipe. (TRC 1106171A, Doc. No. 21, Exs. B, C, F-H). Litteral could have timely raised her suppression issues from this discovery, alone. With respect to the discovery of her actual blood and urine specimens, Litteral could have inquired about the specimens prior to the due date of her suppression motion (e.g., at the September 2, 2011 pretrial hearing) or filed a motion to retain the samples of blood and urine. Furthermore, we fail to see how this situation

-8-

prevented Litteral from timely filing a motion to suppress when the discovery provided by the State prior to the deadline raised several potential suppression issues. Under these circumstances, we are not persuaded that the trial court abused its discretion by denying Litteral leave to file an untimely motion to suppress.

{¶21} Litteral's second assignment of error is, therefore, overruled.

**Assignment of Error I**

**The trial court erred to the defendant-appellant's prejudice by denying her request for an expert to testify about the results of the laboratory test.**

{¶22} In her first assignment of error, Litteral argues that the trial court erred by denying her motion for an expert witness to testify that she was not under the influence of alcohol or drugs based upon her blood-alcohol level.

{¶23} When faced with an indigent's request for funds to obtain an expert witness, the trial court must consider: (1) the value of the expert assistance to the defendant's proper representation; and, (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought. *State v. Broom*, 40 Ohio St.3d 277, 283 (1988); *State v. Jenkins*, 15 Ohio St.3d 164, 193 (1984). To be entitled to the appointment of an expert witness, the indigent defendant "'must show more than a mere possibility of assistance from an expert.'" *Broom* at 283, quoting *Little v. Armontrout*, 835 F.2d 1240, 1244 (8th

Cir.1987). "'Rather, [he] must show a reasonable probability that an expert would aid in his defense, and that denial of expert assistance would result in an unfair trial.'" *Id.*

{¶24} The appointment of an expert witness rests within the trial court's sound discretion. *State v. Tibbetts*, 92 Ohio St.3d 146, 150 (2001). *See also*, *State v. McLaughlin*, 55 Ohio App.3d 141, 143-144 (6th Dist.1988).[6] An abuse of discretion is more than an error of judgment; rather, it connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Adams*, 62 Ohio St.2d at 157.

{¶25} In her November 14, 2011 motion for the appropriation of funds for an expert witness, Litteral asserted, in pertinent part, that she needed an expert witness to "begin an analysis of the blood and urine tests." (TRC 1106171, Doc. No. 22). Thereafter, in her December 8, 2011 supplemental motion for the appropriation of funds for an expert witness, Litteral stated that an expert witness was necessary to perform "independent testing" of her blood and urine samples. (*Id.*, Doc. No. 24). On that same day, Litteral filed a motion for supplemental discovery of the aforementioned blood specimen, at which time the State responded that the specimen had been destroyed. (*Id.*, Doc. Nos. 26, 28). The

---

[6] At the hearing regarding the motion in limine, the trial court stated to defense counsel, "[y]ou could apply to the Public Defender's office for experts. The Court is not the entity that gives you money for expert testimony." (Jan. 18, 2012 Tr. at 14). The meaning of that comment is unclear from the record.

trial court then denied the motion for expert witness fees, finding, in relevant part, that Litteral had failed to present any blood or urine samples for independent analysis. (*Id.*, Doc. No. 30).

{¶26} Since the blood and urine specimens were no longer available for independent expert testing, the value of the expert witness' testimony to Litteral's defense was significantly diminished. A trial court does not abuse its discretion by denying an indigent defendant's motion for an appropriation of expert witness fees for generalized testimony concerning the defendant's impairment level. *See Columbus v. Rogers*, 10th Dist. No. 94APC03-454 (Nov. 10, 1994). Furthermore, had the State attempted to offer testimony concerning the blood-alcohol or the urine-drug tests at trial, the reliability of the test results could have been challenged through rigorous cross-examination. *State v. Robinson*, 160 Ohio App.3d 802, 2005-Ohio-2280, ¶ 79 (trial court did not abuse its discretion by denying indigent defendant's motion for an expert witness since the accuracy/reliability of the field sobriety tests could be challenged through rigorous cross-examination), abrogated on different grounds by, *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251. We are not persuaded that Litteral faced an unfair trial without expert assistance; and therefore, the trial court did not abuse its discretion by denying her motion for expert witness funds.

{¶27} Litteral's first assignment of error is, therefore, overruled.

**Assignment of Error No. III**

**The trial court erred to the prejudice of the defendant-appellant by excluding evidence of the results of the laboratory tests.**

{¶28} In her third assignment of error, Litteral argues that the trial court erred by excluding from evidence, as irrelevant, the results of her blood-alcohol and urine-drug tests. Litteral argues that the test results were relevant to show she was not "under the influence," and thus, innocent of the substantive crime.

{¶29} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Adams*, 62 Ohio St.2d at 157.

{¶30} Evidence that the defendant's blood-alcohol or urine-drug test results are below the concentration levels specified in R.C. 4511.19(A)(1)(b) or 4511.19(A)(1)(j) is relevant to determine the defendant's guilt or innocence in a prosecution under R.C. 4511.19(A)(1)(a). *State v. Ott*, 133 Ohio App.3d 532, 534 (9th Dist.1999); R.C. 4511.19(D)(1)(a), (D)(2). The admission of such evidence, however, requires expert testimony. R.C. 4511.19(D)(1)(a). *State v. Hassler*, 115 Ohio St.3d 322, 2007-Ohio-4947, syllabus (blood-alcohol test); *Newark v. Lucas*,

40 Ohio St.3d 100, 134-135 (1988) (blood-alcohol tests); *State v. French*, 72 Ohio St.3d 446 (1995), paragraph two of the syllabus (breath-alcohol test results).

**{¶31}** Litteral argues that the trial court erred by excluding her low, favorable blood-alcohol and urine-drug tests as irrelevant. A review of the record indicates that the trial court, at first, stated that the blood-alcohol test results were irrelevant to a charge under R.C. 4511.19(A)(1)(a). (Jan. 18, 2012 Tr. at 17). Subsequent discussion, however, indicates that the trial court was also concerned with the admissibility of the blood-alcohol and urine-drug test results absent expert testimony. (Jan. 18, 2012 Tr. at 18-19, 20-22). Based upon the foregoing, we conclude that the trial court ultimately excluded the blood-alcohol and urine-drug test results from evidence for the lack of expert witness testimony, which is not an error of law. R.C. 4511.19(D)(1)(a). *Hassler*, 2007-Ohio-4947, syllabus; *Lucas*, 40 Ohio St.3d at 134-135; *French*, 72 Ohio St.3d 446, paragraph two of the syllabus. Litteral, in fact, admitted that expert testimony was required for the admission of such evidence regardless of its proponent. (Jan. 18, 2012 Tr. at 15-16, 18-19).

**{¶32}** Litteral's third assignment of error is, therefore, overruled.

**{¶33}** As a final matter, we must vacate Litteral's sentence in case no. 9-12-45 (trial court case no. CRB 1102259) since it is contrary to law. R.C. 2953.08(A)(4). "Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate a

-13-

sentence and remand for a new sentencing hearing if the sentence is contrary to law." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 14, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 4. Litteral was convicted of possession of drug paraphernalia in violation of R.C. 2925.14, a fourth degree misdemeanor. R.C. 2925.14(F)(1). $250 is the maximum fine for a fourth degree misdemeanor, and the trial court imposed a $400 fine with $250 suspended. R.C. 2929.28(A)(2)(a)(iv); (CRB 1102259, Doc. No. 28). The trial court's fine is beyond the statutory maximum fine, and therefore, contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 15. Consequently, we vacate Litteral's sentence in case no. 9-12-45 (trial court case no. CRB 1102259) and remand the matter for resentencing.

**{¶34}** Having found no error prejudicial to the defendant-appellant herein in the particulars argued and assigned herein, we affirm the judgment entry of conviction and sentence in case no. 9-12-08 (trial court case no. TRC 1106171A). Having found no error prejudicial to the defendant-appellant in the particulars argued and assigned herein, we affirm the trial court's judgment entry of conviction in case no. 9-12-45 (trial court case no. CRB 1102259); however, having found the fine in that case contrary to law, we vacate the trial court's

Case No. 9-12-08, 9-12-45

judgment entry of sentence and remand for resentencing.

*Judgment Affirmed in Case No. 9-12-08;*
*Judgment Entry of Conviction Affirmed in*
*Case No. 9-12-45, and Judgment Entry of*
*Sentence Vacated*

**ROGERS and WILLAMOWSKI, J.J., concur.**

**/jlr**