[Cite as *State v. Forte*, 2013-Ohio-4707.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99572

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARTIN FORTE

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565618

**BEFORE:** Boyle, P.J., Jones, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Martin Forte, appeals the trial court's imposition of a $10,000 fine as part of his sentence for a single count of drug possession. The state concedes the error. We reverse and remand for the trial court to vacate the imposition of the fine.

Imposition of Fine Outside Statutory Authority

{¶2} On January 22, 2013, Forte pleaded guilty to an amended indictment of one count of drug possession, in violation of R.C. 2925.11(A), a fourth-degree felony. Prior to accepting Forte's plea, the trial court properly advised Forte of the possible penalties that a fourth-degree felony carried, which included a fine of "up to $5,000." After accepting Forte's guilty plea, the trial court proceeded directly to sentencing, where the trial court sentenced Forte on both the underlying case and another case — Cuyahoga C.P. No. CR-561476. In Case No. CR-561476, Forte had been convicted of drug trafficking, in violation of R.C. 2925.03(A)(2), with a juvenile specification, a felony of the first degree, and drug possession, in violation of R.C. 2925.11, a second-degree felony.

{¶3} In the underlying case, the trial court imposed 16 months in prison on the single count of drug possession, to run concurrent with the four-year sentence that the trial court imposed in Case No. CR-561476. The trial court, however, subsequently imposed a "mandatory fine" of $10,000 in its journal entry setting forth Forte's sentence on the single count of drug possession in this case. But under R.C. 2929.18(A), the

maximum fine that may be imposed for a fourth-degree felony is $5,000. Thus, the trial court's imposition of this fine on the fourth-degree felony is contrary to law. *See State v. Litteral*, 3d Dist. Marion Nos. 9-12-08 and 9-12-45, 2012-Ohio-5335, ¶ 33 (recognizing that if the trial court imposes a fine beyond the statutory maximum fine, such a sentence is contrary to law). The state concedes that the imposition of this fine was error and agrees that the fine should be vacated. We further note that, based on the trial judge's announcement of Forte's sentence at the sentencing hearing, it is clear that the trial court's imposition of the fine in the sentencing journal entry was not intended.

{¶4} Accordingly, we sustain Forte's sole assignment of error.

{¶5} Judgment reversed and case remanded for the trial court to vacate the $10,000 fine imposed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
PATRICIA ANN BLACKMON, J., CONCUR