The STATE of Ohio, Appellee,

v.

MERRITT, Appellant.

[Cite as *State v. Merritt* (1998), 126 Ohio App.3d 711.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–97–036.

Decided March 20, 1998.

*Mark E. Mulligan,* Ottawa County Prosecuting Attorney, and *Dawn Schiets,* Assistant Prosecuting Attorney, for appellee.

*Phillip S. Merritt* and *John C. Filkins,* for appellant.

GLASSER, Judge.

This is an accelerated appeal from a judgment of conviction and sentence entered by the Ottawa County Municipal Court. On July 24, 1997, the court found defendant-appellant, Phillip S. Merritt, guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) after Merritt entered a no contest plea to charges that he violated R.C. 4511.19(A)(1) and (A)(3). From that judgment, appellant now raises the following assignments of error:

"I. Whether the trial court erred as a matter of law when it failed to grant defendant's (appellant's) motion for leave of court to file motion to suppress evidence when appellant established good cause and a viable claim for relief.

"II. Whether appellant was denied the effective assistance of trial counsel when counsel failed to timely file motion to suppress evidence."

On September 22, 1996, Merritt was arrested and charged with the alcohol-related driving offenses set forth above after he submitted to a breath-alcohol test that indicated that he was driving with a concentration of breath alcohol of .129 gm per two hundred ten liters of breath. On September 24, 1996, attorney James P. Dinsmore entered his appearance as Merritt's counsel, filed a written not guilty plea and filed a request for discovery. On December 17, 1996, the lower court filed a pretrial order that indicated that discovery was complete and noted that defendant anticipated no pretrial motions pursuant to Crim.R. 12(B). The court, however, further granted Merritt ten days from the date of the order to file any motions pursuant to Crim.R. 12(B). The state subsequently filed a notice of compliance with the Crim.R. 16 discovery requirements that included the calibration test results obtained before and after appellant's arrest from the apparatus used to test appellant's alcohol concentration. Dinsmore did not file a motion to suppress.

On January 2, 1997, attorney John C. Filkins filed a notice of substitution of counsel, a request for discovery, and a motion for occupational driving privileges

on behalf of appellant. However, apparently because the notice was attached to the request for occupational driving privileges, the notice of substitution of counsel was not file-stamped until January 29, 1997. Accordingly, no discovery was forwarded to Filkins. Upon learning that the notice of substitution of counsel had not been properly filed, attorney Filkins notified the court, and the court ordered the state to comply with the discovery request. The state filed its notice of compliance with the Crim.R. 16 discovery requirements on February 19, 1997. At that time, the case was scheduled for trial on July 24, 1997.

On March 11, 1997, appellant filed a motion for leave of court to file a motion to suppress and attached his motion to suppress to the motion for leave. Appellant's counsel asserted that he did not receive discovery from the state until February 21, 1997, and thus he was not able to determine the nature and extent of any issues to be addressed within a motion to suppress until after that date. The attached motion to suppress asserted that the breath-alcohol test results obtained on September 22, 1996, had to be suppressed because calibration test results obtained one day before appellant's test were invalid under the standards set forth in Ohio Adm.Code 3701–53–04. On March 12, 1997, the trial court denied the motion for leave by stamping its judgment on the motion itself and stating, "See Judgment of Dec. 17, 1996. See also LR 18 and CR 12." Appellant filed a motion for reconsideration, but that motion was also denied.

On July 24, 1997, appellant appeared with counsel, withdrew his prior not guilty plea and entered a plea of no contest. The court then found him guilty of operating a motor vehicle while intoxicated, a violation of R.C. 4511.19(A)(1), and sentenced him accordingly. It is from that judgment that appellant now appeals.

In his first assignment of error, appellant asserts that the trial court abused its discretion in denying his motion for leave to file a motion to suppress.

Crim.R. 12(B) provides that motions to suppress must be filed prior to trial. Crim.R. 12(C) then reads:

"All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

A defendant's failure to file a timely motion to suppress constitutes a waiver of that issue, except "the court for good cause shown may grant relief from the waiver." Crim.R. 12(G). The grant or denial of leave to file an untimely motion to suppress is within the sound discretion of the trial judge and, accordingly, will not be reversed on appeal absent a showing of an abuse of that discretion. *Akron v. Milewski* (1985), 21 Ohio App.3d 140, 142, 21 OBR 149, 151, 487 N.E.2d 582, 584–585. "The term 'abuse of discretion' connotes more than an

error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

In the present case, appellant's new counsel, John Filkins, did not become aware of the calibration test problems until February 21, 1997, at the earliest. At that time, the trial was scheduled for July 24, 1997. The delay in his receiving this information appears to be due to the clerk of court's misfiling of his notice of substitution of counsel. The trial court then, knowing that appellant had new counsel, based its denial of his motion for leave on the fact that appellant's first counsel had not filed a timely motion to suppress. "The purpose of the time limits in Crim.R. 12(C) is to encourage the early determination of issues that should be resolved by way of pretrial motions." *State v. Foster* (Apr. 4, 1997), Clark App. No. 96 CA 0072, unreported, 1997 WL 165684. It is well established that in a charge of violating R.C. 4511.19(A)(1) through (4), " '[t]he accuracy of the test results is a critical issue in determining a defendant's guilt or innocence.' " *State v. French* (1995), 72 Ohio St.3d 446, 451, 650 N.E.2d 887, 891, quoting *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34. Moreover, the calibration test conducted on a breath analyzer before a defendant is subjected to the test is crucial in determining the accuracy of the test results. R.C. 4511.19(D); Ohio Adm.Code 3701–53–04.

We find that the trial court's denial of appellant's motion for leave to file a motion to suppress was arbitrary and unreasonable and, therefore, amounted to an abuse of discretion. The case was not scheduled to go to trial for several months, and the failure to file a timely motion to suppress was due to the inaction of prior counsel. Under these circumstances, we find that the interests of justice are best served by the granting of the motion for leave. The first assignment of error is well taken.

In his second assignment of error, appellant asserts that his initial trial counsel was ineffective for failing to timely file the motion to suppress. Given our ruling under the first assignment of error, we find the second assignment of error to be moot.

On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is reversed. This cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

HANDWORK, P.J., GLASSER and KNEPPER, JJ., concur.