[Cite as *State v. Perry*, 2012-Ohio-4656.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 9-12-09

    v.

DOUGLAS PERRY,                         O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion Municipal Court
Trial Court No. TRC 11 7883

**Judgment Affirmed**

Date of Decision: October 9, 2012


APPEARANCES:

    *Jeffrey Ratliff* for Appellant

    *Steven E. Chaffin* for Appellee

**ROGERS, J.**

{¶1} Appellant-Defendant, Douglas Perry, appeals the judgment of the Marion Municipal Court denying his motion for leave to file his motion to suppress. On appeal, Perry contends that the trial court abused its discretion when it denied his motion for leave to file a motion to suppress. Based on the following, we affirm the judgment of the trial court.

{¶2} On September 30, 2011, Perry was cited for several offenses, to wit: operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), (h), a misdemeanor of the first degree; failure to wear a seat belt in violation of R.C. 4513.263(B)(1), a minor misdemeanor; and, driving left of center in violation of R.C. 4511.25, a minor misdemeanor.

{¶3} On October 3, 2011, Perry entered a plea of not guilty and the case was set for pre-trial on November 7, 2011.[1]

{¶4} On October 5, 2011, the State filed a document entitled "State's Response to Defendant's Request for Discovery and Notice of the Plaintiff's Intention to use Evidence and Bill of Particulars."

{¶5} On November 7, 2011, according to the parties and during a pre-trial hearing, the State provided Perry with a video recording of the traffic stop ("video").

---

[1] While several documents in the record note that the date of arraignment was set for October 4, 2011, the record reveals that Perry was arraigned on October 3, 2011.

{¶6} On December 7, 2011, Perry filed a motion for leave to file a motion to suppress ("Motion for Leave").

{¶7} On December 8, 2011, the trial court filed an order denying Perry's Motion for Leave finding there was a "lack of just cause to grant Defendant's Motion for Leave * * *." (Docket No. 8).

{¶8} On December 13, 2011, Perry renewed his Motion for Leave ("Renewed Motion for Leave").[2] On that same day, the trial court filed an order denying Perry's renewed Motion for Leave, again finding a lack of just cause.

{¶9} On January 26, 2012, Perry entered a plea of no contest to operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), (h). The trial court subsequently found Perry guilty, and sentenced him to ninety days in jail with eighty four days suspended. Perry was also ordered to pay a fine of $1,000.00 with $450.00 suspended, and his operator's license was suspended for a period of six months.

{¶10} It is from this judgment Perry appeals, presenting the following assignment of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT LEAVE TO FILE HIS MOTION TO SUPPRESS.**

---

[2] Attached to Perry's Renewed Motion for Leave, in relevant part, was a photocopy of the DVD containing the video recording of the traffic stop and a typewritten letter, purportedly written by the arresting officer, detailing the traffic stop.

**{¶11}** In his sole assignment of error, Perry contends that the trial court abused its discretion when it denied his Motion for Leave. Based on the following, we disagree.

**{¶12}** A motion to suppress is a pre-trial motion. Crim.R. 12(C)(3). Crim.R. 12(D) provides that:

> All pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

Failure to move for the suppression of evidence on the basis that it was illegally obtained within Crim.R. 12(D)'s time limit constitutes a waiver of the error. *State v. Campbell*, 69 Ohio St.3d 38, 44 (1994); Crim.R. 12(H). However, "the court for good cause shown may grant relief from the waiver." Crim.R. 12(H).

**{¶13}** The trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion. *State v. Monnette*, 3d Dist. No. 9-08-33, 2009-Ohio-1653, ¶ 17, citing *Akron v. Milewski*, 21 Ohio App.3d 140, 142 (9th Dist. 1985). Appellate review is, therefore, limited to whether the trial court abused its discretion in rendering its decision. *Id.* A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 16-18, citing *Black's Law Dictionary* 11 (8

Ed.Rev.2004). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle*, 11th Dist. No. 99-L-089 (June 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} Perry contends that the trial court abused its discretion in denying his Motion for Leave because the State, despite his request for discovery on October 3, 2011, did not provide the video, which formed the basis of his motion to suppress, until November 7, 2011, and because the matter had not been scheduled for trial at the time he filed his Motion for Leave. In support of his contention, Perry cites two cases, to wit: *State v. Garrett*, 2d Dist. No. 2004 CA 110, 2005-Ohio-4832; and, *State v. Merritt*, 126 Ohio App.3d 711 (6th Dist. 1998).

{¶15} In *Garrett*, the defendant was charged with operating a vehicle while intoxicated. Thirty-two (32) days before the matter was scheduled for trial the defendant filed a motion for leave to file a motion to suppress and attached his motion to suppress to his motion for leave. In his motion to suppress, the defendant argued that the field sobriety tests administered by the arresting officer should be suppressed because they were not in strict compliance with standardized testing procedures. The trial court denied the defendant's motion for leave and the matter proceeded to trial, where the defendant was found guilty of operating a vehicle while intoxicated. The defendant appealed, arguing, in relevant part, that

the trial court erred in denying his motion for leave. In a split decision, the court of appeals agreed. While the court of appeals acknowledged that the motion for leave was untimely filed, it found that the trial court abused its discretion in denying the defendant's motion for leave because there was ample time to hold a suppression hearing and because the validity of the sobriety tests were essential in proving the defendant's guilt due to the lack of breath, blood, or urine results evidencing the defendant's level of intoxication.

{¶16} In *Merritt*, the defendant was charged with operating a vehicle while intoxicated in September 1996. Discovery in the case was completed in December 1996. At that time, the defendant, who was represented by counsel, did not file a motion to suppress. In January 1997, the defendant received new representation. The defendant's new counsel filed a motion requesting discovery, and the State filed its compliance with the defendant's discovery request in February 1997. In March 1997, approximately four months before the matter was scheduled for trial, the defendant filed a motion for leave to file a motion to suppress and attached his motion to suppress to his motion for leave. In his motion to suppress, the defendant argued that the breath-alcohol test results should be suppressed because the calibration test results of the breath analyzer were invalid. The trial court denied the defendant's motion for leave on the basis that his original counsel did not timely file a motion to suppress. In July 1997, the defendant entered a plea of

no contest. The defendant appealed, arguing, in relevant part, that the trial court erred in denying his motion for leave. The court of appeals agreed, finding that the trial court abused its discretion because the motion for leave was filed several months before the case was scheduled to go to trial and because the failure to file a timely motion to suppress was due to the inaction of the defendant's original counsel.

{¶17} The only similarity between the foregoing cases and the instant case is that the motions for leave in each case were filed well in advance of the scheduled trial dates. Aside from this similarity, the circumstances in *Garrett* and *Merritt* are distinguishable from the instant case. First, the defendants in *Garrett* and *Merritt* attached their proposed motion to suppress to their motion for leave, thus allowing the trial court an opportunity to determine whether there was just cause to grant the motion for leave. Here, Perry did not attach a motion to suppress to his Motion for Leave or his Renewed Motion for Leave. While there is no requirement that Perry attach a motion to suppress to his Motion for Leave, failure to do so deprived the trial court of an opportunity to determine whether there was just cause to grant his Motion for Leave. Also, in *Merritt*, the appellate court based its decision, in part, on the fact that the defendant was unfairly prejudiced by his original counsel's failure to file a timely motion to suppress. Here, Perry has had the same counsel throughout the case, and therefore has not

experienced the prejudice experienced by the defendant in *Merritt*. For these reasons, we decline to follow the holdings in *Garrett* and *Merritt*.

{¶18} Upon review of the record, we find that the trial court did not abuse its discretion in denying Perry's Motion for Leave. Initially, we cannot say that the State failed to promptly provide Perry with the video. Though both parties agree that Perry requested discovery on October 3, 2011, the record contains no such request. Accordingly, we are unaware of the contents and scope of Perry's discovery request and therefore unable to say with any certainty that the State failed to promptly provide Perry with the video.

{¶19} Even if we were to assume the State failed to promptly provide the video, we still find that the trial court did not abuse its discretion in denying Perry's Motion for Leave. Upon review of the record, we can find no reason why Perry waited thirty days to file his Motion for Leave. Based on his arguments before the trial court and on appeal, Perry was well aware that he received the video thirty-five days after his arraignment. Despite this fact, Perry did not request leave of court to file a motion to suppress nor did he request an extension of time to file the same. We are not convinced that it took Perry thirty days to review the video and determine whether there were any viable arguments for suppression. Furthermore, Perry's Motion for Leave gave little reason why there was just cause to grant him leave to file his motion to suppress. In it, Perry simply

asserted that "[a] review of the videotape contradicts many of the claims of the arresting officer and supports a finding that the officer lacked a reasonable suspicion to stop the Defendant." (Docket No. 7, p. 2). Given Perry's bald assertion, we find that the trial court did not abuse its discretion when it determined that there was a lack of just cause to grant Perry's Motion for Leave. In his Renewed Motion for Leave, Perry offered a more detailed argument concerning the alleged illegality of the traffic stop. Upon review, however, we cannot say that the trial court abused its discretion when it again found no just cause to grant Perry leave to file his motion to suppress. Given the foregoing, and bearing in mind the Motion for Leave was filed prior to the matter being scheduled for trial, we find that he trial court did not abuse its discretion in denying Perry's Motion for Leave.

{¶20} Accordingly, Perry's sole assignment of error is overruled.

{¶21} Having found no error prejudicial to Perry herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**