[Cite as *State v. Michailides*, 2013-Ohio-5316.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99682**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN A. MICHAILIDES

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568119

**BEFORE:** S. Gallagher, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 5, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Cullen Sweeney
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Edward D. Brydle
Jennifer L. O'Malley
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant John Michailides appeals from his conviction on a single count of having weapons while under disability, for which the trial court sentenced Michailides to 18 months of incarceration following a jury trial. For the following reasons, we affirm his conviction.

{¶2} On September 16, 2012, a neighbor reported seeing Michailides discharge a firearm on the latter's front porch. The local police responded. Upon arriving at the scene, two police officers approached the home. According to one of the responding officers (the other did not testify), the officers either shouted from behind a parked car in the driveway for the occupant of the home, later identified as Michailides, to exit, or they immediately climbed the stairs to the front porch area and demanded that Michailides come to the door. The testifying officer gave the former account during his direct examination and the latter during the cross-examination. Nevertheless, the officer testified that upon seeing a 9 mm shell casing, which was apparently visible upon his walking up the porch stairs to the front door stoop, the officers took Michailides to the ground for a pat down, walked him to their squad car, and locked him in the back seat while they investigated.

{¶3} Before investigating whether shots were fired, the officers asked for Michailides's consent to search his home. Michailides declined, claiming his wife was asleep. The officers then spoke with the neighbor who reported the incident and

discovered that Michailides's wife had died two weeks prior. The officers returned to Michailides and again requested consent to search his home. The testifying officer claimed that was when Michailides consented to a search of the home, in which the officers discovered three firearms. Michailides would have testified at a suppression hearing that he declined consent to search his home. Michailides was convicted of aggravated robbery in 1986, but claimed to the officers that the weapons belonged to his now deceased wife and he had not disposed of her effects at that point. Michailides was not arrested for having or discharging any firearms. Instead the officers took him to St. Vincent Charity Hospital for a three-day psychological evaluation, although the reason for such action was not apparent from the record.

{¶4} Michailides was ultimately charged with one count of having weapons while under disability. Forty-six days after his arraignment, but 25 days prior to trial, Michailides, through his attorney, filed a motion to suppress the firearms on the basis that the officers failed to get a warrant to search the home. The state maintains that Michailides consented to the search. On the morning of trial, Michailides discussed the outstanding motion with the court. The trial court determined that the motion was filed beyond the 35-day limit established by Crim.R. 12(D) and summarily denied it. A jury found Michailides guilty of having a weapon while under disability, and the trial court sentenced him to 18 months of incarceration. Michailides timely appealed his conviction, raising two assignments of error.

{¶5} In his first assignment of error, Michailides argues that the trial court erred by denying his motion to suppress solely on the basis that the motion was filed 11 days beyond the deadline established by Crim.R. 12(D). Despite the appearance of a draconian result, because the trial court did not abuse its discretion in denying Michailides's motion to suppress, we find no merit to his first assignment of error.

{¶6} It is well established that a motion to suppress is a pretrial motion according to Crim.R. 12(C)(3). *State v. Perry*, 3d Dist. Marion No. 9-12-09, 2012-Ohio-4656, ¶ 12. Crim.R. 12(D) further provides that all pretrial motions are to be made within the earlier of 35 days after arraignment or seven days before trial, although in the interest of justice a court may extend the time for making pretrial motions. *Id.*, Crim.R. 12(D), (H). "Failure to move for suppression of evidence on the basis that it was illegally obtained within the Crim.R. 12(D)'s time constraint constitutes a waiver of the error." *Id.*, citing *State v. Campbell*, 69 Ohio St.3d 38, 44, 630 N.E.2d 339 (1994).

{¶7} "The trial court's decision whether to permit leave to file an untimely motion to suppress is within its sound discretion." *Perry* at ¶ 13, citing *State v. Monnette*, 3d Dist. Marion No. 9-08-33, 2009-Ohio-1653, ¶ 17. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Id.*

{¶8} In this case, Michailides filed his motion to suppress the weapons found during the police officers' search of Michailides's residence 46 days after his arraignment. Michailides claims the trial court erred by rigidly applying the 35-day deadline to his situation in light of the facts that the motion to suppress was filed 25 days prior to the trial, was not frivolous, and was not timely opposed by the state. He also claims the trial court failed to consider whether the interests of justice mandated the granting of leave to file the motion late. We find no merit to Michailides's arguments. We cannot find that the trial court abused its discretion given the procedural history.

{¶9} Michailides admittedly filed his motion to suppress outside the deadline imposed by Crim.R. 12(D). As of the filing deadline, Michailides waived the suppression issue he raised, and his late filing of the motion was a nullity unless or until the trial court granted leave for such a late filing. Rather than filing for leave, Michailides delayed the issue until the morning of trial. According to what can be gleaned from the record, it was then that he belatedly requested the court to consider whether the interests of justice warranted a late filing. Although we acknowledge Michailides filed his suppression motion 25 days before trial and less than a month after receiving discovery, we cannot condone his delay in seeking leave to deem the motion timely filed, nor can we find that the trial court abused its discretion in denying leave to deem the untimely motion as timely.

{¶10} In a similar situation, the Third District determined that a trial court did not abuse its discretion in denying leave to file an untimely motion to suppress because the

defendant could have timely filed based on the discovery provided by the state prior to the Crim.R. 12(D) deadline, discovery that raised several potential suppression issues. *State v. Litteral*, 3d Dist. Marion Nos. 9-12-08 and 9-12-45, 2012-Ohio-5335. In that case, the defendant's deadline to file a motion to suppress according to Crim.R. 12(D) was 17 days after the state responded to the defendant's initial discovery request. Despite the limited time to file, the court determined that the trial court did not abuse its discretion in denying leave to file an untimely motion to suppress based on the defendant's delay in seeking leave, sought the day before trial. *Id.*; *see also State v. Monk*, 5th Dist. Licking No. 11-CA-28, 2011-Ohio-5751 (a trial court did not err by denying a motion to suppress as untimely under Crim.R. 12(D) because the pending competency evaluation did not preclude defendant from filing the motion timely); *State v. Lough*, 9th Dist. Summit No. 21547, 2004-Ohio-596 (motion to suppress was properly denied as untimely because, although defendant had no advance knowledge of the officer's testimony, he knew that his consent was an issue).

{¶11} Further, the cases Michailides cited in support of his argument are inapplicable. *See State v. Sargent*, 2d Dist. Clark No. 3042, 1994 Ohio App. LEXIS 3666 (Aug. 17, 1994) (the Second District court reversed the trial court's decision to deny the defendant leave to file a late suppression motion because the state turned over discovery well after the Crim.R. 12(D) deadline); *State v. Merritt*, 126 Ohio App.3d 711, 711 N.E.2d 279 (6th Dist. 1998) (trial court abused its discretion in denying the motion for leave to file a suppression motion filed by the second attorney on defendant's case,

filed four months before trial, after the original attorney failed to file a suppression motion); *State v. Garrett*, 2d Dist. Greene No. 2004CA110, 2005-Ohio-4832 (motion for leave to file a suppression motion was filed over 60 days prior to trial by defendant's second attorney on the case). The facts presented by the cases Michailides cited in support simply differ from the facts presented by the current case.

{¶12} In the current case, Michailides was represented by the same attorney throughout the proceedings and the state responded to his discovery request on December 7, 2012, 17 days prior to the Crim.R. 12(D) deadline. *See Litteral*; *compare State v. Jones*, 8th Dist. Cuyahoga No. 93114, 2010-Ohio-2777 (the original trial, set less than 35 days from the arraignment, was continued because the state failed to produce discovery and defendant filed a suppression motion seven days prior to the trial based on information only revealed in the state's discovery packet). Further, Michailides did not seek leave to deem his untimely motion timely until the morning of trial. Accordingly, we cannot determine that the trial court abused its discretion in denying Michailides leave to file a suppression motion and in finding the motion filed was untimely. Michailides's first assignment of error is overruled.

{¶13} In his second assignment of error, Michailides argues that he received ineffective assistance of counsel in light of the fact that the motion to suppress was filed untimely and he had been deemed to have waived his right to challenge the introduction of the weapons underlying his conviction for having weapons while under disability. We find no merit to Michailides's assignment of error based on the record before this court.

**{¶14}** In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. The defendant has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

**{¶15}** In light of our analysis regarding the first assignment of error, Michailides established his counsel's performance was deficient. Either the motion to suppress should have been filed timely, or a motion for leave to file a motion to suppress should have been raised prior to the morning of trial. "Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se. To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65. Accordingly, the focus on appeal is the second prong of the *Strickland* test, whether the deficient performance prejudiced the defendant so as to deprive him of a fair trial.

**{¶16}** It is worth noting that in the current case, and regardless of the suppression motion, the weapons recovered through the search of Michailides's residence were not the only pieces of evidence demonstrating his possessing a firearm. The neighbor

testified that Michailides was on his porch discharging a firearm, and the responding officers recovered a 9 mm shell casing on Michailides's porch, corroborating the neighbor's testimony that Michailides was seen on his porch discharging a firearm. Such evidence, in and of itself, would be sufficient to support Michailides's conviction for having a weapon while under disability.[1] *See State v. Higgins*, 10th Dist. Franklin No. 93AP-403, 1994 Ohio App. LEXIS 673 (Feb. 24, 1994).

{¶17} More important, even if the recovered firearms were the only evidence of Michailides's possession of a weapon while under disability, Michailides self-serving proffered testimony that he declined consent to search his home is insufficient to create a reasonable probability that the motion to suppress would have been granted had the suppression hearing been held. *See, e.g., State v. Freeman*, 8th Dist. Cuyahoga No. 92286, 2009-Ohio-5226 (defendant's self-serving statement declining consent is insufficient to overcome state's evidence of consent for the purposes of reviewing the propriety of the trial court's denial of a motion to suppress).

---

[1] Although not argued by the state, we note that the state elicited testimony from one of the responding officers alluding to the fact that the entry of the house was a foregone conclusion based on the neighbor's call to 911 of shots fired, the discovery of the shell casing on the front porch, and Michailides's attempt to claim someone else was present in the home. It is conceivable that beyond the focus of this appeal, the responding officers established an exigent circumstance to searching the home for their own protection and that of the public. *See State v. Smith*, 1st Dist. Hamilton No. C-061032, 2007-Ohio-3786, ¶ 27 (finding exigent circumstances warranted a protective sweep of the home because the police officers were responding to a report of shots fired and were trying to resolve the situation for the safety of all involved).

**{¶18}** In regard to his argument that the police officer's testimony established the merits of Michailides's argument attempting to establish the involuntariness of his alleged consent, if given, Michailides suffers from the lack of an evidentiary record on the events leading to his detention in the police car. Generally, courts must consider certain factors in determining whether any consent is voluntary, including (1) the suspect's custodial status and the length of the initial detention; (2) whether the consent was given in public or at a police station; (3) the presence of threats, promises, or coercive police procedures; (4) the words and conduct of the suspect; (5) the extent and level of the suspect's cooperation with the police; (6) the suspect's awareness of his right to refuse to consent and his experience with law enforcement; (7) the suspect's education and intelligence; and (8) the suspect's belief that no incriminating evidence will be found. *State v. Clark*, 8th Dist. Cuyahoga No. 96768, 2012-Ohio-2058.

**{¶19}** Michailides never proffered the reasons behind his consent, if indeed given, and we cannot review most of the above factors from the facts established on the record. The testifying police officer, despite the patent credibility issues given the discrepancies in his testimony, never testified to whether the officers responded with weapons drawn or other show of force; the length of Michailides's detention prior to the alleged consent; or Michailides's education, intelligence, or prior experience with law enforcement. *See Clark* (defendant's consent not voluntary and inherently coerced in light of the fact that six officers confronted the defendant in his residence with weapons drawn).

**{¶20}** In short, and especially in consideration of the fact that the trial court denied the suppression motion without a hearing, the record on this direct appeal, including the sparse proffer of Michailides's anticipated testimony, does not provide enough factual support to determine whether there is a reasonable probability the suppression motion would have been granted had a hearing been held. As with most ineffective assistance of counsel claims, Michailides is limited to a post-conviction remedy in which additional evidence can be established for review. *State v. Hicks*, 8th Dist. Cuyahoga No. 60985, 1991 Ohio App. LEXIS 2560 (May 30, 1991), at *1, citing *State v. Gibson*, 69 Ohio App.2d 91, 430 N.E.2d 954 (8th Dist.1980). Michailides's second assignment of error is accordingly overruled.

**{¶21}** In light of the foregoing analysis, we affirm the conviction and decision of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MELODY J. STEWART, A.J., CONCURS IN JUDGMENT ONLY