[Cite as *State v. Williams*, 2017-Ohio-7371.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3564 |
| vs. | : | |
| CAITLYN B. WILLIAMS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

James T. Boulger, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Assistant Ross County Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-23-17
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment that denied a motion for leave to file a motion to suppress filed by Caitlyn Williams, defendant below and appellant herein. Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DENIAL OF SUBSTITUTE COUNSEL'S MOTION FOR LEAVE TO FILE A MOTION TO SUPPRESS CONSTITUTED AN ABUSE OF DISCRETION."

SECOND ASSIGNMENT OF ERROR:

"THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO TIMELY FILE A MOTION CHALLENGING SUBSTANTIAL COMPLIANCE WITH DEPARTMENT OF HEALTH REGULATIONS AND STATUTORY REQUIREMENTS PERTAINING TO THE TAKING AND HANDLING OF A SPECIMEN OF THE DEFENDANT'S BLOOD."

{¶ 2} On December 12, 2014, the Ross County Grand Jury returned an indictment that charged appellant with (1) one count of aggravated vehicular assault in violation of R.C. 2903.08 (while operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a)), a third-degree felony, and (2) one count of aggravated vehicular assault in violation of R.C. 2903.08 (while operating a motor vehicle with a concentration of eight-hundredths of one per cent or more but less than seventeen-hundredths of one per cent by weight per unit volume of alcohol in the person's whole blood in violation of R.C. 4511.19(A)(1)(b)), also a third-degree felony.

{¶ 3} On September 15, 2015, appellant pled not guilty to both charges. On November 6, 2015, appellant filed a motion to suppress oral statements given without the benefit of *Miranda* warnings. Appellant argued that a trooper who had responded to the accident began to question her at the scene without giving her a *Miranda* warning.

{¶ 4} On January 21, 2016, the trial court heard arguments and took testimony regarding the motion to suppress. Trooper Holbrook testified that he responded to a single vehicle accident on May 28, 2014 in Ross County. Trooper Holbrook was dispatched at 5:35 a.m. and arrived at 5:54 a.m. Three people were in the vehicle and appellant was the driver. Trooper Holbrook stated that he detected a strong odor of alcohol coming from the vehicle and that appellant had glassy and blood-shot

eyes, and "very slurred" speech.   Also, the trooper observed an empty beer carton was in the back seat, an empty beer can in the passenger-side door cup holder and a "four-loco beverage" in the center console.

{¶ 5}   Trooper Holbrook noted that appellant told him she had "four to five beers while driving" before the crash.   Trooper Holbrook testified that the two additional occupants of the vehicle were questioned at the scene, one of whom was injured and transported to a hospital.   Trooper Holbrook questioned appellant again at the hospital around 7:15 a.m.   On January 21, 2016, the trial court overruled the motion to suppress, finding that appellant was not in custody at the time of the questioning at the scene.

{¶ 6}   On April 22, 2016, substitute counsel filed a motion for leave to file a motion to suppress pertaining to substantial compliance with Department of Health regulations in the collection and handling of a specimen of appellant's blood prior to its placement in the U.S. mail for delivery to the State Patrol Crime Laboratory.   In particular, counsel wished to determine whether the authorities obtained the blood specimen within the three-hour time interval from vehicle operation as mandated by R.C. 4511.19(D)(1)(b).   The trial court denied the motion for leave on May 4, 2016, stating that "there is no time available between the time the motion was filed and the scheduled jury trial [May 11], therefore the motion for leave to file a motion to suppress is denied."

{¶ 7}   On May 11, 2016, the state dismissed count one and appellant entered a no contest plea to count two.   On June 13, 2016, the trial court sentenced appellant to serve twelve months in prison, suspended appellant's driver's license for three years, ordered appellant to pay $250 restitution to one of the victims and to pay the costs of the proceedings.   This appeal followed.

I.

{¶ 8}   In her first assignment of error, appellant asserts that the trial court's denial of substitute counsel's motion for leave to file a motion to suppress constituted an abuse of discretion.

{¶ 9}   Generally, the grant or denial of leave to file an untimely motion to suppress is within the sound discretion of the trial court judge and, accordingly, will not be reversed on appeal absent an abuse of that discretion.  *See State v. Karns,* 80 Ohio App.3d 199, 204, 608 N.E.2d 1145 (1st Dist.1992), *Akron v. Milewski,* 21 Ohio App.3d 140, 142, 487 N.E.2d 582 (9th Dist.1985).  An abuse of discretion "connotes action by the trial court that is unreasonable, arbitrary or unconscionable."  *State v. Brown*, 38 Ohio St.3d 305, 312, 528 N.E.2d 523 (1988), *see also State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 10} Appellant filed a motion for leave to file a motion to suppress the results of the analysis of appellant's blood specimen.  Ohio Administrative Code 3701-53-05(F) requires that "[w]hile not in transit or under examination, all blood and urine specimens shall be refrigerated."  Appellant argues that six hours or more elapsed between taking her blood sample and delivering it to the U.S. mail, which she contends fell outside the five-hour boundary for substantial compliance identified in *State v. Baker*, 146 Ohio St.3d 456, 2016-Ohio-451, 58 N.E.3d 1114, ¶ 26.

{¶ 11} Crim.R. 12(C) establishes the time frame under which a motion to suppress must be filed.  Crim.R. 12(D) provides: "All pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier.  The court in the interest of justice may extend the time for making pretrial motions."  "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the

waiver." Crim.R. 12(H). Therefore, the crux of our review is whether appellant arguably established good cause in her motion for leave and whether the trial court's ruling constitutes an abuse of discretion.

{¶ 12} Appellant argues that her change in counsel established good cause. In *State v. Smith*, 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, this court considered the same issue of changing counsel and a denial of leave to file a motion to suppress. In *Smith*, we noted that it was undisputed that the defendant did not file his motion within the Crim.R. 12(D) time limits, nor did he request an extension of time to do so within that period. Focusing on whether Smith demonstrated "good cause" to the trial court to allow him relief from his waiver, we noted that Smith filed his motion approximately two weeks prior to his trial date, and over six months from the date of his arraignment, well over the thirty-five day time limit. Unlike the case at bar, the motion for leave in Smith set forth no facts to support the merit of Smith's suppression issue. However, more important, we noted that Smith's memorandum failed to explained why Smith could not, or did not, raise a suppression issue before waiver occurred, other than alluding to the fact that "it is not unusual for different attorneys to view the information provided in discovery in a different light." *Smith* at ¶ 40. We pointed out that Smith did not contend that he was unaware of any of the alleged facts supporting the suppression motion, that the state provided untimely discovery or withheld any information, or that he was unable to discuss the facts that might establish a Fourth Amendment violation with prior counsel. The only justification Smith offered was that prior counsel viewed the evidence "differently." Based on that record, we concluded that we could not say that the court acted unreasonably in finding that good cause did not exist given the fact that trial was only two weeks away. *Smith* at ¶ 41.

{¶ 13} In *State v. Hoover*, 9th Dist. Wayne No. 02CA0056, 2003-Ohio-2344, the Ninth District considered a case in which the defendant changed counsel, as in the case sub judice. The court held that "[d]espite the fact that Defendant changed counsel, he was represented by counsel from the inception of the charges against him. The record does not indicate that Defendant was unaware of the circumstances surrounding the charges. In fact, Defendant's original attorney received discovery from the prosecutor within thirty-five days of his arraignment. Therefore, Defendant had full knowledge of the surrounding facts and circumstances pertaining to his case within the time requirements of Crim.R. 12(D)." *Hoover* at ¶ 6. The court concluded that the trial court had not abused its discretion in denying Hoover's motion for leave to file the motion to suppress. *Id.*

{¶ 14} In *State v. Randazzo*, 8th Dist. Cuyahoga No. 76914, 2000 WL 1754005, the Eighth District considered another case in which the defendant argued that the fact that he had changed counsel before trial demonstrated cause for an untimely filing of a motion to suppress. Again, however, the court held that Randazzo was represented by counsel from the inception of the charges against him. His original attorney had several pretrials and requested discovery from the prosecutor. The court concluded that Randazzo had full knowledge of the circumstances and surrounding facts pertaining to his case within the time requirements of Crim.R. 12(C). *Id.* The court noted that "[a]lthough perhaps the State would have suffered no prejudice by the court's permitting the untimely motion, we do not find this as a reason for interfering with the court's broad discretion in this matter." *Id.*

{¶ 15} Finally, we highlight *State v. Estep*, 2d Dist. Montgomery No. 17455, 1999 WL 148109, in which the Second District held that "the fact that Estep's Motion to Suppress raised a

potentially dispositive issue did not constitute 'good cause shown' for granting relief from the waiver since Estep had ample opportunity to bring a suppressing motion within the time allotted by Crim.R. 12(C), or to ask for an extension of those time limits in the interests of justice if he needed one." *Id.* at 3.

{¶ 16} Appellant points to *State v. Merritt*, 126 Ohio App.3d 711, 711 N.E.2d 279 (6th Dist.1998), to support her argument that the trial court erred by denying her leave to file her motion to suppress. In *Merritt*, the defendant's case was not scheduled to go to trial for several months, and the court conclude that the trial court's denial of the appellant's motion for leave to file the motion to suppress appeared to be arbitrary and unreasonable and, therefore, amounted to an abuse of discretion. We, however, find *Merritt* to be distinguishable. In *Merritt*, the trial was scheduled several months away when the defendant sought leave to file the motion to suppress. In the case sub judice, the trial was scheduled to be held in nineteen days. Appellant was indicted on December 12, 2014 and arraigned on September 15, 2015, the same day the court appointed counsel and the prosecution provided discovery. Seven months later, after a trial date had been set and several witnesses subpoenaed, including out of county and professional witnesses, appellant filed a motion for leave to file her second motion to suppress. In her motion, appellant stated that the issues had not been addressed before, providing no "good cause" for why the court should not deem the issues waived. The trial court denied appellant's motion, noting "there is no time available between the time the motion was filed and the scheduled jury trial."

{¶ 17} We conclude that the trial court did not abuse its discretion in denying the motion for leave to file a second motion to suppress. Thus, we overrule appellant's first assignment of error.

II.

{¶ 18} In her second assignment of error, appellant asserts that she received ineffective assistance of counsel because her original counsel "failed to timely file a motion challenging substantial compliance with Department of Health Regulations and statutory requirements pertaining to the taking and handling of a specimen of the Defendant's blood." Appellant argues that a timely motion to suppress would have been successful.

{¶ 19} *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth the standard for judging ineffective-assistance claims. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Further, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 20} As the Supreme Court of Ohio instructed in *State v. Sanders*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002), "*Strickland* charges us to '[apply] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695, and to 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' *id*. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. * * * [W]e note that courts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695." *Sanders* at 151.

{¶ 21} Appellant's proffered second motion to suppress raised two issues: (1) that the blood specimen was drawn more than three hours from the time of operation of the vehicle, and (2) that the blood specimen was not handled in accordance with Ohio Adm.Code 3701-53-05(F) because an alleged six-hour lapse occurred between the time the specimen was drawn and placed in the U.S. Mail.

{¶ 22} "The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel." *State v. Waters*, 4th Dist. Vinton No. 13CA693, 2014-Ohio-3109, ¶ 13; *State v. James*, 4th Dist. Ross No. 13CA3370, 2013-Ohio-5475, ¶ 19; *State v. Walters*, 4th Dist. Adams No. 12CA949, 2013-Ohio-772, ¶ 20. "Instead, the failure to file a motion to suppress amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made." *Waters* at ¶ 13, citing *State v. Resendiz*, 12th Dist. Preble No. CA2009-04-012, 2009-Ohio-6177, ¶ 29.

{¶ 23} Appellant argues that with respect to the first prong of the *Strickland* test, this court's holding in *State v. Mullins*, 4th Dist. Ross No. 12CA3350, 2013-Ohio-2688, should have placed counsel on notice that the Property Control Form provided in discovery established an issue concerning substantial compliance with Department of Health Regulations absent any further inquiry into the circumstances surrounding the taking of the blood specimen. However, *Mullins* involved an approximate twelve-hour period in which the defendant's urine sample was unrefrigerated while not in transit or under examination, *see Mullins* at ¶ 1. Appellant further contends that the Supreme Court's recent decision in *State v. Baker*, 146 Ohio St.3d 456, 2016-Ohio-451, 58 N.E.3d 1114, would have cemented this issue prior to the scheduling of a trial date, meaning that the trial court would not have had the same rationale for denying the motion for leave had such a motion been

timely filed following *Baker*.

{¶ 24} In *Baker*, the court clarified the *State v. Burnside* (100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71) burden-shifting test, holding: "A defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress evidence; failure to file such a motion 'waives the requirement on the state to lay a foundation for the admissibility of the test results.' (citation omitted) The state then has the burden to show that it substantially complied with regulations prescribed by the director of health in the Ohio Administrative Code.  If the state meets its burden of going forward with the evidence in this regard, a presumption of admissibility arises, and the burden then shifts back to the defendant to rebut the presumption by demonstrating prejudice from the state's failure to strictly comply with the applicable regulations in the Ohio Administrative Code."  *Baker* at ¶ 23.

{¶ 25} While appellant's counsel did not challenge the admissibility of the blood test via a pretrial motion to suppress evidence, it appears that the state would have established substantial compliance with the regulations.  The *Baker* court went on to hold that failing to refrigerate a blood specimen for a period of four hours and ten minutes before placing it in transit for analysis is a de minimis error and did not render the test result inadmissible for failure to substantially comply with the regulation requiring that all blood and urine specimens be refrigerated while not in transit or under examination.  Further, the court noted that it had previously held that the failure to refrigerate a sample for a period of up to five hours substantially complied with the administrative regulations, citing *State v. Plummer*, 22 Ohio St.3d 292, 194-295, 490 N.E.2d 902 (1986).

{¶ 26} In another case, the Eleventh District concluded that a blood specimen that went unrefrigerated for six hours before mailing does not violate Ohio Adm.Code 3701-53-05(F).  *See*

*State v. Price*, 11th Dist. Geauga No. 2007-G-2785, 2008-Ohio-1134, ¶ 26, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 34 ("were we to agree * * * that any deviation whatsoever from the regulation rendered the results of a [test] inadmissible, we would be ignoring the fact that strict compliance is not always realistically or humanly possible."). Thus, even assuming arguendo that appellant could establish that the failure to refrigerate the specimen was close to six hours, appellant has demonstrated only a possibility, not a probability, that she would have succeeded if her motion to suppress had been timely filed.

{¶ 27} Moreover, the state points out that even if the motion to suppress had been successful, the record shows that the state would have been successful in prosecuting Count One, which was dismissed as part of plea negotiations and remained pending at the time the court denied leave to file the motion to suppress. Count One charged appellant with causing "serious harm to another person, as proximate result of committing a violation of division (A) section 4511.19 of the Ohio Revised Code, to wit: Ohio Revised Code 4511.19(A)(1)(a)." That code section precludes persons from operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them. Appellant admitted that she had been drinking and driving, and that she had consumed four or five beers while driving the vehicle. Further, Trooper Holbrook testified that appellant was impaired and that he had found empty beer containers in the vehicle, as well as a four loco alcoholic beverage in the center console. Therefore, even if we assume for purposes of argument that the blood evidence would have been suppressed as to Count Two of the indictment, the State would likely have been successful in a prosecution of Count One. Thus, appellant has not demonstrated prejudice.

{¶ 28} Accordingly, we conclude that appellant has failed to establish her claim of ineffective assistance of counsel. Consequently, and we overrule appellant's second assignment of

error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment is affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Supreme Court of Ohio in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.