[Cite as *State v. Sutton*, 2017-Ohio-732.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0121 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MONIQUE SUTTON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Youngstown
                             Municipal Court of Mahoning County,
                             Ohio
                             Case No. 15 TRC 53

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Dana Lantz
                             Youngstown City Prosecutor
                             Atty. Jeffrey Moliterno
                             Assistant City Prosecutor
                             26 S. Phelps Street
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. A. Ross Douglass
                             A. Ross Douglass Law Firm, LLC
                             860 Boardman-Canfield Road
                             Suite 204
                             Youngstown, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                             Dated:  February 28, 2017

WAITE, J.

**{¶1}** Appellant Monique Sutton appeals a March 16, 2015 decision of the Youngstown Municipal Court to deny her motion to suppress. Appellant argues that her trial counsel was not appointed until after the deadline to file a timely motion to suppress had passed, thus the trial court erroneously denied the motion as untimely. For the reasons that follow, Appellant's argument is without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** On January 3, 2015, a Mill Creek Metro Parks police officer initiated a traffic stop of Appellant's car due to an issue with her license plate. During the stop, the officer asked Appellant to step out of her vehicle and he conducted a field sobriety test. The officer also conducted a breathalyzer test which revealed a BAC of .148. Appellant was charged with tail light and illumination of rear license plate violations, minor misdemeanors pursuant to R.C. 4513.05; driving while under the influence of alcohol or drugs, a misdemeanor in the first degree in violation of R.C. 4511.19(A)(1)(a); and with having a prohibited concentration of alcohol between 0.08 and 0.17, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(d).

**{¶3}** On January 5, 2015, Appellant was arraigned and pleaded not guilty, but was not appointed counsel until February 11, 2015. On March 9, 2015, Appellant filed a motion to suppress. The trial court denied the motion as untimely one week later. On March 23, 2015, Appellant filed a motion of reconsideration. The following day, the trial court denied reconsideration, but specifically invited Appellant to file a motion for leave to file a motion to suppress. Appellant failed to file such motion. On

June 30, 2015, Appellant pleaded no contest pursuant to a Crim.R. 11 plea agreement to having a prohibited concentration of alcohol between 0.08 and 0.17. The remaining charges were dismissed. The trial court sentenced Appellant to one year of probation, fines and costs, drug and alcohol assessment, a six month license suspension retroactive to the date of the offense, and either three days in jail or participation in the driver intervention program. Appellant timely appealed. In addition, Appellant filed a motion seeking a limited remand with this Court. On October 23, 2015, we construed her motion as a collateral attack on Appellant's conviction and sentence and it was denied.

ASSIGNMENT OF ERROR

THE COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE MOTION TO SUPPRESS WAS UNTIMELY WHEN COUNSEL WAS NOT APPOINTED UNTIL AFTER TIME HAD EXPIRED.

{¶4} Pursuant to Crim.R. 12(D), "[a]ll pretrial motions except as provided in Crim. R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." According to Crim.R. 12(D), a trial court's decision denying an untimely motion to suppress will not be disturbed on appeal absent an abuse of the trial court's discretion. *State v. Alexander,* 7th Dist. No. 03 CA 789, 2004-Ohio-5525, ¶ 91, citing *State v. Karns*, 80 Ohio App.3d 199, 204, 608 N.E.2d 1145 (1st Dist.1992). "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable,

arbitrary, or unconscionable." *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶5}** Appellant argues that trial counsel was not appointed until two days after the deadline to file a motion to suppress had passed. Because she filed the motion to suppress twenty-six days after her counsel had been appointed, Appellant contends her counsel acted reasonably. She claims that the late appointment of counsel provides good cause as to why her motion should be considered timely and should have been addressed by the trial court.

**{¶6}** In response, the state argues that the motion to suppress was clearly filed more than 35 days after arraignment and so, was untimely filed. The state cites several cases where Ohio appellate courts, including this Court, have upheld a trial court's decision to deny a motion to suppress as untimely. The state emphasizes that an untimely motion is a nullity unless a motion for leave is granted. Here, Appellant filed no motion for leave.

**{¶7}** In *Alexander, supra,* we upheld the trial court's decision to deny the defendant's motion to suppress as untimely. *Alexander* at ¶ 92. We held that the trial court did not abuse its discretion in denying the motion when the motion was not filed within thirty-five days of arraignment and the appellant failed to file a motion seeking leave to file at the later date. *Id.* at ¶ 92-93.

**{¶8}** In *State v. Michailides,* 8th Dist. No. 99682, 2013-Ohio-5316, the trial court denied a motion to suppress that was filed forty-six days after arraignment but twenty-five days before trial. *Id.* at ¶ 8. The Eighth District upheld the trial court's

decision and held that an untimely motion to suppress is "a nullity unless or until the trial court granted leave for such a late filing." *Id.* at ¶ 9.

**{¶9}** Here, Appellant's trial counsel was appointed two days after the deadline to file a timely motion to suppress had passed. Counsel did not file a motion to suppress until 26 days after he had been appointed as counsel. When the trial court directly invited counsel to file a motion seeking leave to file the motion to suppress, counsel declined to do so. A trial court has the right to enforce the rules regarding untimely motions. While it is apparent that any motion to suppress would obviously be filed beyond rule, due to the late appointment of counsel, the rule allows for late filing only after requesting leave of court. Appellant's counsel chose not to ask for such leave even after being invited by the trial court. We will not second-guess counsel's reasoning for refusing to request leave. The rules, here, are unambiguous. It is clear from this record that the motion was untimely and Appellant chose not to accept the trial court's invitation to file a motion for leave. As such, Appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.

## Conclusion

**{¶10}** Appellant argues that her trial counsel was not appointed until after the deadline to file a timely motion to suppress had already passed, thus the trial court erred in denying her motion as untimely. Appellant waited 26 days after counsel was appointed before filing the motion and chose not to file a motion for leave after being

invited by the trial court. As such, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.