[Cite as *State v. Lanier*, 2023-Ohio-3088.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANDRE MAURICE LANIER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0070**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 15 CR 28

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dave Yost,* Ohio Attorney General, 30 East Broad Street, 14th Floor, Columbus, Ohio 43215, and *Atty. Andrea K. Boyd*, Special Prosecuting Attorney/Assistant Attorney General, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, for Plaintiff-Appellee and

*Atty. Mark G. Kafantaris,* 625 City Park Avenue, Columbus, Ohio 43206, for Defendant-Appellant.

Dated:  August 31, 2023

**D'Apolito, P.J.**

{¶1} Appellant, Andre Maurice Lanier, appeals his convictions and sentence following a plea of no contest in the Belmont County Court of Common Pleas for one count of possession of drugs, a violation of R.C. 2925.11(A)(C), a felony of the first degree (cocaine); one count of trafficking in drugs, a violation of R.C. 2925.03(A)(2)(C)(4)(f), a felony of the first degree (cocaine); one count of possession of drugs (ethylone, a substituted cathinone), a violation of the R.C. 2925.11(A)(C)(1)(c), a felony of the second degree; and one count of trafficking in drugs (ethylone, a substituted cathinone), a violation of R.C. 2925.03(A)(2)(C)(1)(d), a felony of the second degree.[1] At the sentencing hearing, the trial court merged counts one and two, and counts three and four, and imposed an eleven-year sentence on counts one and two, and an eight-year sentence on counts three and four, to be served concurrently.[2]

{¶2} This matter is before us for the second time. In the first appeal, we vacated Appellant's original convictions and sentence due to the trial court's failure to strictly comply with notice requirements related to Appellant's waiver of his constitutional right to a jury trial at his first plea hearing. This matter was remanded for further proceedings.

{¶3} In this second appeal, Appellant advances four assignments of error. First, he asserts the trial court erred when it concluded that Appellant's motion to dismiss/suppress, filed after remand and upon appointment of new counsel, was untimely-filed. In the alternative and for the first time on appeal, Appellant argues that the trial court abused its discretion in refusing to consider the motion to dismiss/suppress because his original motion to suppress and dismiss (likewise untimely filed) was withdrawn in exchange for his vacated plea. Second, Appellant contends he was denied effective assistance of counsel due to his trial counsel's failure to timely file the motion to

---

[1] Prior to sentencing, Counts Three and Four were amended, without affecting the seriousness of the offense, to substitute the term "Ethylone, a substituted cathinone," for the term "Ecstasy."

[2] For purposes of merger, the state chooses which of the allied offenses to pursue at sentencing. *State v. T.D.J.*, 7th Dist. Mahoning No. 16 MA 0104, 2018-Ohio-2766, ¶ 62, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16, 43. Once the state elects which offense on which it wishes the court to sentence the defendant, the court must accept the state's choice and merge the crimes into a single conviction for sentencing purposes. *Id.*, citing Brown at ¶ 42. At the sentencing hearing, the state indicated that it had previously chosen counts one and three for the purpose of sentencing. Nonetheless, the sentencing entry does not identify the specific crime for which the sentence is imposed, but rather imposes sentences for "counts one and two" and "counts three and four."

Case No. 22 BE 0070

dismiss/suppress. Third, Appellant argues that his due process rights were violated based on the trial court's imposition of a longer sentence following remand. Fourth, Appellant alleges a violation of his Fourteenth Amendment right to due process based on the trial court's imposition of the maximum sentence on both counts.

{¶4} For the following reasons, Appellant's convictions and sentence are affirmed.

## PROCEDURAL HISTORY

{¶5} On or about January 14, 2015, Appellant was arrested following the execution of a search warrant at an apartment building in Warren Township in Belmont County. The search yielded cocaine and ethylone, in amounts exceeding five times the bulk amount, a violation of R.C. 2925.11(A)(C)(1)(C). Additionally, the amount of cocaine and ethylone were consistent with a violation of R.C. 2925.03(A)(2)(C)(1)(d), as to the preparation, shipment, transportation, or preparation of the substances.

{¶6} On March 5, 2015, Appellant was indicted and bound over to the Belmont County Court of Common Pleas. Appellant was arraigned on March 5, 2015.

{¶7} The original motion to suppress and dismiss challenging the sufficiency of the warrant was filed on July 29, 2015. The motion challenged the establishment of probable cause for the search warrant, based on the underlying affidavit. Appellant argued that the warrant was based entirely on information from a confidential informant, and the affidavit did not provide the informant's basis of knowledge or establish his veracity and lacked any additional corroborating evidence. Next, Appellant argued that the warrant lacked specificity as it identified an entire apartment, without limiting the search to a specific room. Finally, Appellant asserted that the good faith exception did not apply.

{¶8} The motion was filed well outside the time limit set in Crim.R. 12(D), which requires motions to be filed within 35 days after arraignment or seven days before trial whichever is sooner. Moreover, no motion for leave to file the untimely motion was filed.

{¶9} Nonetheless, a hearing on the motion to suppress and dismiss was set for August 7, 2015. Based on the record, the trial court schedules motions for hearing as a matter of course without any initial consideration of the merits.

Case No. 22 BE 0070

{¶10} However, shortly after the motion to suppress and dismiss was filed, Appellant withdrew the motion as a part of a plea deal with the state. The withdrawal of the motion in exchange for his plea is memorialized in the judgment entry on the plea filed on August 10, 2015.

{¶11} Pursuant to Appellant's agreement with the state, Appellant pleaded guilty to the amended charges of possession of drugs in violation of R.C. 2925.11(A)(C)(4)(d), which reduced count one from a first-degree felony to a second-degree felony, and trafficking in drugs in violation of R.C. 2925.03(A)(2)(C)(1)(c), which reduced count four from a second-degree felony to a third-degree felony. The state dismissed the other two counts. A pre-sentencing investigation ("PSI") was ordered and a sentencing hearing set for September 14, 2015.

{¶12} On the morning of September 14, 2015, Appellant absconded and an arrest warrant was issued. Appellant remained at large for more than five-and-a-half years. He was apprehended on April 16, 2021. A hearing on the failure to appear was scheduled for April 19, 2021.

{¶13} At the April 19, 2021 hearing, Appellant requested a one-month continuance in order to retain counsel. The motion was granted and Appellant was held without bond until May 19, 2021, when he and his counsel appeared in court to review the PSI. At the sentencing hearing on June 17, 2021, the trial court imposed an eight-year sentence on the amended first count and a three-year sentence on the amended fourth count, to be served concurrently.

{¶14} Appellant filed a timely appeal. On June 10, 2022, we entered our opinion and judgment entry, which reversed and vacated Appellant's convictions and sentence, based on the trial court's failure to inform Appellant that by entering his plea he was waiving his right to jury trial, as opposed to a "speedy and public trial." *State v. Lanier*, 7th Dist. Belmont No. 21 BE 30, 2022-Ohio-2024. The three remaining assignments of error challenged his sentence, the trial court's failure to order an updated PSI, and defense counsel's failure to request an updated PSI. The remaining assignments of error were rendered moot by the reversal and vacation of Appellant's convictions and sentence. The matter was remanded to the trial court for further proceedings.

{¶15} A status conference was held on July 25, 2022 at which time the public defender's office was appointed as counsel for Appellant. Appellant's original trial counsel had accepted a position with the prosecutor's office in the interim between Appellant's original sentencing hearing and the pendency of the appeal. A plea hearing was scheduled for August 8, 2022 and a trial date was set for August 18, 2022.

{¶16} On July 28, 2022, the public defender's office filed a motion to withdraw based on the office's representation of Kenneth Howard Carter, Appellant's co-defendant in the original 2015 case ("Carter"). The public defender specifically requested that substitute counsel be appointed in time for the plea hearing to proceed on August 8, 2022. On August 3, 2022, the trial court sustained the motion to withdraw and appointed Attorney Joshua Norman.

{¶17} However, on August 8, 2022, Attorney Adam Burke appeared on behalf of Appellant at the plea hearing. That same day, Attorney Burke filed a limited notice of appearance, having been retained by Appellant, and a motion to continue the plea and trial dates. Attorney Burke requested additional time to review the case due to his trial schedule. Attorney Burke indicated that he would file a standard notice of appearance if the trial court granted his motion to continue the trial. The trial court continued the plea hearing to October 17, 2022 and the trial to October 27, 2022.

{¶18} On September 19, 2022, Attorney Burke filed the standard notice of appearance, captioned "notice of appearance of co-counsel," and a twelve-page motion to dismiss/suppress. The reference to co-counsel appears to be a typographical error.

{¶19} Like the original motion to suppress and dismiss, the second motion to dismiss/suppress challenged the sufficiency of the affidavit provided in support of the search warrant. Appellant further asserted that the good faith exception did not apply, insofar as it should have been clear to a reasonably well-trained officer that the affidavit was insufficient. The search warrant and the accompanying affidavit are not a part of the record.

{¶20} Attached to the motion was the affidavit of Attorney Burke. He warranted that he filed the motion to dismiss/suppress within sixteen days of receipt of discovery provided by the state. He further warranted he had difficulty accessing discovery through the state's matrix portal and the state recognized a problem in the system and rectified it

in order to allow access. According to defense counsel, in his past experience with the matrix, he simply provided his electronic mail address and password in the system and the state in due time supplied the discovery. Defense counsel further warranted that it was not unusual to wait up to 30 days for discovery to be provided. Roughly a month later, on September 2, 2022, the state contacted defense counsel to ask whether he had accessed discovery. When he explained that he had not, the state recognized and then rectified the problem within thirty minutes.

**{¶21}** At the motion hearing on September 22, 2022, which was conducted three days after the motion was filed, the state argued that the motion to dismiss/suppress was untimely pursuant to Crim. R. 12(D) and that defense counsel did not seek leave to file the untimely motion. The state cited our decision in *State v. Sutton*, 7th Dist. Mahoning No. 15 MA 0121, 2017-Ohio-732, where defense counsel was appointed two days after the motion deadline had passed. Twenty-six days later, he filed a motion to suppress. Recognizing that the motion was untimely, the trial court invited defense counsel to file a motion for leave. However, no motion for leave was filed so the motion was overruled as untimely. On appeal, we refused to "second-guess" defense counsel's reasoning in eschewing the opportunity to request leave to file the untimely motion, and affirmed the trial court.

**{¶22}** Appellant argued that the above-captioned case was distinguishable from *Sutton* because the motion to suppress in *Sutton* was not filed following the appointment of new counsel. Appellant further argued that the trial court should consider the untimely motion in the interest of justice due to the likelihood of dismissal or suppression based on the merits of the motion to dismiss/suppress. Despite the fact that defense counsel stated his intention to file a motion for leave, the trial court overruled the motion to dismiss/suppress at the hearing based on defense counsel's failure to timely file the motion or to seek leave to file the untimely motion.

**{¶23}** With respect to defense counsel's difficulty accessing the matrix, the prosecutor explained at the hearing that he contacted defense counsel because the state had learned as a result of trial preparation that defense counsel had not accessed discovery. In other words, but for the state's inquiry, defense counsel would not have recognized the problem with his matrix access. The prosecutor conceded that defense

counsel required the state's assistance to access the matrix, but underscored the fact it was the state, not defense counsel, that initiated the investigation into defense counsel's access.

**{¶24}** On October 4, 2022, Appellant filed an omnibus motion for leave to file motion to dismiss/suppress out of rule *instanter*, a motion for reconsideration of the trial court's previous entry concluding that the motion to dismiss/suppress was untimely, and a broad motion for leave to file pretrial filings. The state filed its opposition brief on the same day.

**{¶25}** In the omnibus motion, Appellant cited public policy in Ohio that the interest of justice is better served when courts address the merits of claims and defenses, rather than relying on procedural devices to resolve legal questions. Next, he argued that defense counsel had difficulty accessing discovery through the matrix, and was only able to access the matrix after the state intervened.

**{¶26}** Third, Appellant argued that "applying pre-appeal deadlines in a case in which Appellant's convictions were vacated and his cause remanded would place [Appellant] entirely at the mercy of the [state] and [the trial court] and leave him with few options." Appellant continued:

> Those extraordinarily limited options include: presenting a hobbled case with defense counsel's ability to defend [Appellant] and file substantive pretrial motions and filings barred by long-expired deadlines. [Appellant's] defense would thus be stymied not just from filing suppression motions, but from filing any number of pretrial motions and filings that defense counsel would otherwise be able to file in any other case.

(10/4/22 Omnibus Motion, p. 3.)

**{¶27}** Finally, defense counsel alleged "the prosecution pleaded with the [trial] court [at the September 28, 2022 suppression hearing] to overrule [Appellant's] motion by referencing [Appellant's] successful exercise of his appellate rights." Defense counsel argued that the trial court and the state were motivated by "vindictiveness."

**{¶28}** On October 19, 2022, the trial court conducted a hearing on the omnibus motion. At the conclusion of oral argument, the trial court indicated that the omnibus

motion would be overruled in its entirety and the jury trial would commence one week later on October 26, 2022.

{¶29} Defense counsel responded there would be no trial because Appellant intended to enter a plea of no contest in order to preserve the timeliness issue regarding the motion to suppress for appeal purposes.  Counsel for the state replied:

> [W]ill [sic] place on the record, we had a conversation outside.  I was authorized to offer two F3s which is what the other defendant in this case got[3] or – and one F2. And it's my understanding [it has] been rejected.  But with the state of the case law now on whether defense counsel [has not] communicated something to the defendant and coming back later on, [I would] like to deal with that on the record, that the defendant will not be wanting that particular plea at this time.

(10/19/22 Hrg. Tr., p. 33.)  As a consequence, Appellant entered pleas of no contest to all four of the charges in the indictment that same day.

{¶30} At the sentencing hearing on November 14, 2022, the trial court imposed the maximum sentence on each count to run concurrently, as it had at the first sentencing.  However, Appellant's original sentence was shorter than the sentence currently on appeal due to the fact that Appellant had entered his original guilty plea to two amended charges, which reduced count one to a second-degree felony (from a first) and count four to a third-degree felony (from a second).

{¶31} The following colloquy occurred at the sentencing hearing regarding the imposition of the longer sentence following remand prior to the trial court's determination of whether the sentences would be imposed concurrently:

> DEFENSE COUNSEL:      Your Honor, I would make – like to make an additional record and just request that the Court, since the sentence has apparently increased since [Appellant] has successfully exercised his appellant rights, as the Court [I am] sure is aware, that raises a presumption

---

[3] Carter entered pleas of guilty and was sentenced on two counts of possession of drugs, both felonies of the third degree.

of judicial vindictiveness. I ask the Court to please make a record of what additional facts have come to light since [Appellant] has successfully exercised his appellate rights that would justify a three-year increase in his sentence. And I would note that the Court previously--

THE COURT:  What is the increase in sentence, sir?

DEFENSE COUNSEL:  It went from eight years to eleven years, Your Honor.

THE COURT:  On Count I?

DEFENSE COUNSEL:  Yes, Your Honor. And I would also ask the Court to note that it had previously imposed concurrent sentences. And I would also note that nothing factually has changed about this case that would appear to justify consecutive sentences.

THE COURT:  Mr. – sir, the prosecutor.

THE STATE:  Your Honor, I think what the Court did last time was impose a maximum sentence on Count I, which was eight years, because it was a plea bargain that the defendant then ran on afterwards, reducing it to pleading to an F2 and an F3 as opposed to now being an F1 and an F2. The plea already being in position. So I [do not] know that that equates to vindictiveness as what the Court found appropriate was a maximum sentence on that count. It [did not] go on up based upon anything besides the maximum sentence, so I don't know that that would be vindictive.

THE COURT:  Sir?

DEFENSE COUNSEL:  Yes Your Honor. Two things with regard to that. First of all, [Appellant] did, again, attempt to exercise his Fourth Amendment right under the Constitution by filing a suppression motion. That decision obviously the Court denied. We intend to appeal that.

THE COURT:  Yes.

Case No. 22 BE 0070

DEFENSE COUNSEL:  However there was no option for [Appellant] to appeal that without entering a no contest plea to the indictment. However, factually, nothing has changed about this case. And I would note that the Court did not impose a maximum sentence last time. The Court imposed an eight-year sentence and ran three years concurrent. So if the Court believed, based on the same facts that an 11-year sentence was appropriate, the Court certainly could have imposed consecutive sentences to arrive at the same sentence. The only thing [that has] changed since [Appellant] was last sentenced is his exercise of his Constitutional Rights, Your Honor.

THE COURT:  Sir?

THE STATE:  I don't agree, Your Honor. It was a maximum on Count 1, and the Court can find one drug more offensive than another.  That was the crack cocaine count, and it was maximum sentence on that count.  So while the spectrum of vindictiveness has been brought up repeatedly by defense counsel as towards the State and towards the Court, I think the Court can parse things out and decide what it thinks is appropriate on any given count.

THE COURT:  So you find the sentencing to be what on Count I?

THE STATE:  Count I was maximum sentence on an F2 of eight years last time. The Court just imposed 11 years. So I thought it was consistent that the Court has imposed a maximum sentence twice on Count I.

THE COURT:  Well, how much, sir?

THE STATE:  Eleven years I'm comfortable with.

THE COURT:  And Count II?

THE STATE: [I am] comfortable with concurrent on Count II, based upon the representation by defense counsel with whatever number that the Court chooses.

DEFENSE COUNSEL: You Honor, I just ask the Court to impose eight years at the maximum. Again, [that is] entirely consistent with what the Court did last time. And again, the facts [have not] changed. The only thing that has changed is [Appellant] exercising his rights.

THE COURT: [You have] already stated that, sir, yes.

DEFENSE COUNSEL: Thank you, Your Honor.

THE COURT: Yes. Thank you. [Prosecutor]?

THE STATE: Yes, Your Honor.

THE COURT: So you feel it is appropriate to go with the 11 years?

THE STATE: I do, Your Honor. I think the Court took into account at that time the fact the defendant, while taking responsibility, then took it upon himself to flee for over five years and thought that a maximum sentence was appropriate under that circumstance on that count. I [do not] think that rationale has changed in any way, shape or form. [It is] just the amount available to the Court has now changed.

THE COURT: The subject matter shall remain as is. It shall be 11 years sentence on Count I, and those are to run concurrent to Count – to the remaining counts, which has been merged with each other. That shall be a total of 11 years. Thank you. Thank you, sir.

(11/14/22 Sent. Hrg., p. 19-24.)

{¶32} The sentencing entry reads that the trial court considered the goals of sentencing in R.C. 2929.11, and the aggravating and mitigating factors in R.C. 2929.12. The trial court predicated the imposition of the maximum sentences for each crime based on Appellant's criminal history, his failure to respond to previously-imposed sanctions, his marked failure to undertake a good faith effort at treatment and change of lifestyle, and his prior incarceration.

{¶33} This timely appeal followed.

Case No. 22 BE 0070

## ANALYSIS

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO [DISMISS/]SUPPRESS AND ERRED AGAIN WHEN IT SUBSEQUENTLY DENIED LEAVE TO FILE THE MOTION OUT OF RULE.**

**{¶34}** Appellant advances four arguments with respect to the second motion to dismiss/suppress. First, he argues that the second motion was not untimely due to the appointment of new counsel following remand. Second and for the first time on appeal, he argues that the interest of justice required the trial court to consider the motion to dismiss/suppress because the original motion to suppress and dismiss was withdrawn in exchange for his plea, which was vacated pursuant to our decision in the previous appeal. Third, he argues the second motion to dismiss/suppress was not filed immediately after he was retained due to his inability to access discovery. Finally, Appellant cites a Fourth District Court of Appeals case for the proposition that the trial court forfeited its power to dismiss the motion on procedural grounds when it scheduled the motion for a hearing on the merits.

**{¶35}** The time frame governing pretrial motions is set forth in Crim.R. 12(D), which states:

All pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

**{¶36}** Crim.R. 12(H) addresses the effect of failure to raise defenses or objections in connection with pretrial motions:

Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the times set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court,

shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.

Additionally, when a motion to suppress is filed out of the rule timelines, the movant must "offer a convincing reason to warrant relief." *State v. Phillips*, 74 Ohio St.3d 72, 97, 656 N.E.2d 643 (1995).

**{¶37}** The decision whether to grant leave to file an untimely motion to suppress is within the trial court's sound discretion. *State v. DiFabio*, 7th Dist. Mahoning No. 16 MA 0139, 2017-Ohio-8028, ¶ 11. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶38}** In *State v. Alexander*, 7th Dist. Carroll No. 03 CA 789, 2004-Ohio-5525, we held the trial court did not abuse its discretion in denying a motion for a mental examination of a victim that was not filed within 35 days of arraignment, where no motion seeking leave was filed. *Id.* at ¶ 92-93. In *DiFabio*, *supra*, we affirmed the trial court's determination that a motion was untimely filed where defense counsel did not provide an explanation for the filing of the motion more than 20 days after the deadline had passed. *Id.* at ¶ 16.

**{¶39}** In *Sutton, supra,* we held a trial court does not abuse its discretion when it overrules a motion to suppress filed beyond the 35-day deadline set forth in Crim.R. 12(D), without a corresponding motion for leave, where defense counsel was invited by the trial court to file a motion for leave, but no motion was filed. Although the facts in *Sutton* are distinguishable from the facts here, the *Sutton* panel cited with favor the Eighth District's holding in *State v. Michailide*s, 8th Dist. Cuyahoga No. 99682, 2013-Ohio-5316, that an untimely motion to suppress is a "nullity unless or until the trial court grant[s] leave for such a late filing." *Id.* at ¶ 9.

**{¶40}** Appellant contends that the appointment of new counsel following remand distinguishes the facts in this case from our precedent. Opinions from other Ohio intermediate courts analyzing the impact of the appointment of new counsel as good cause inform our decision. In the above-captioned case, the motion to suppress was filed five weeks prior to trial.

{¶41} In *State v. Merritt*, 126 Ohio App.3d 711, 714, 711 N.E.2d 279 (6th Dist.1998), Merritt was charged with operating a motor vehicle under the influence of alcohol (OVI). However, Merritt's new counsel did not receive calibration test results, which the Sixth District opined were crucial to the motion to suppress, in time to file the motion within rule due to a clerk's office error that resulted in the misfiling of his notice of substitution of counsel. Further, Merritt's case was not scheduled to go to trial for several months and, despite seeking an extension of time, original counsel never filed the motion to suppress. Based on the foregoing facts, the Sixth District concluded that the trial court abused its discretion when it denied Merritt's motion for leave to file a motion to suppress.

{¶42} In *State v. Garrett*, 2d Dist. Greene No. 2004 CA 110, 2005-Ohio-4832, another OVI case, the Second District reversed the trial court's decision denying Garrett's motion for leave to file a motion to suppress challenging the propriety of the field sobriety test. The motion was filed 32 days before the then-scheduled trial date and 66 days before the actual trial date. The court reasoned that the state would not have been prejudiced, there was ample time to hold a hearing, and in the absence of blood, breath, or urine results, the field sobriety tests would have some impact on the outcome of the trial.

{¶43} On the other hand, in *State v. Smith*, 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, the Fourth District found the trial court did not abuse its discretion when it denied Smith's motion for leave to file a motion to suppress, filed two weeks before trial. Smith filed a one-page memorandum, explaining he had retained new counsel, but set forth no facts supporting the merits of the suppression issue and did not provide a reason for the untimely filing. Smith simply argued "it is not unusual for different attorneys to view the information provided in discovery in a different light." *Id.* at ¶ 40.

{¶44} In *State v. Hoover*, 9th Dist. Wayne No. 02CA0056, 2003-Ohio-2344, the Ninth District concluded that the trial court did not abuse its discretion when it denied Hoover's motion for leave to file an untimely motion to suppress 44 days after arraignment. Although the Ninth District recognized that Hoover had retained new counsel, the court found: (1) Hoover had been represented by counsel from the inception of the charges against him; (2) the record did not indicate that he was unaware of the circumstances surrounding the charges; (3) his original attorney received discovery from

the prosecutor within 35 days of his arraignment; and (4) Hoover had full knowledge of the surrounding facts and circumstances pertaining to his case within the time requirements of Crim.R. 12(D).

{¶45}  Similarly, in *City of Solon v. Randaz*zo, 8th Dist. Cuyahoga No. 76914, 2000 WL 1754005 (Nov. 30, 2000), the Eighth District found that the trial court did not abuse its discretion in denying Randazzo's motion for leave to file a motion to suppress even though Randazzo had changed counsel before trial.  Although the state would not have been prejudiced if the trial court had allowed the motion, the Eighth District reasoned that Randazzo had been represented by counsel from the inception of the charges against him, his original attorney attended several pre-trials and requested discovery from the prosecutor, and Randazzo had full knowledge of the circumstances and surrounding facts pertaining to his case within the time requirements of Crim.R. 12(C) (now Crim.R. 12(D)).

{¶46}  With respect to the impact of remand, " '[t]he effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred.' " *State v. Allen*, 10th Dist., 2014-Ohio-1806, 10 N.E.3d 192, ¶  29, quoting *Wilson v. Kreusch*, 111 Ohio App.3d 47, 51, 675 N.E.2d 571 (2d Dist.1996); see also *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418, 513 N.E.2d 776 (1987) ("[U]pon remand from an appellate court the lower court is required to proceed from the point at which the error occurred.")

{¶47}  Last year, the Sixth District addressed the timeliness of a post-remand motion to dismiss in *State v. Mathis*, 6th Dist. Lucas No. L-21-1184, 2022-Ohio-2291, appeal not allowed, 167 Ohio St.3d 1529, 2022-Ohio-3322, 195 N.E.3d 169. Although the trial court considered the motion and ultimately overruled it, the Sixth District opined that the trial court could have dismissed the motion as untimely:

> While Mathis did not assert pre[-]indictment delay prior to his 2018 jury trial, upon reversal of his conviction and remand for a new trial, the case returned to the trial court in a pre-trial posture. See, e.g., *State v. Nichter*, 2019-Ohio-279, 129 N.E.3d 984 (10th Dist.), ¶ 22 (effect of reversal is to reinstate the case in "precisely the same condition" it was in prior to the error) (citations omitted.). Therefore, while Mathis' challenge to the indictment was well beyond the time permitted by Crim.R. 12(D), he arguably raised the issue

prior to trial. However, the record contains no indication that Mathis sought leave to challenge the indictment, and while the trial court could permit the motion "for good cause shown," the record demonstrates no explanation for the untimely motion or the basis for a good cause determination. Therefore, regardless of the merits of Mathis' challenge, the trial court could have summarily denied the motion as untimely. See *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 15 (if motion not properly before the trial court, it need not reach the merits).

*Id.* at ¶ 16.

**{¶48}** Based on the foregoing case law, we find that the motion deadline expired in 2015, despite our remand order and the appointment of new counsel. Like the defendants in *Hoover* and *Randazzo*, *supra*, Appellant was represented by counsel from the inception of the charges against him. Accordingly, we find the trial court did not abuse its discretion when it found that second motion to dismiss/suppress was untimely filed. There is no case law to support Appellant's assertion that the appointment of new counsel following remand automatically restarts the Crim. R. 12(D) clock.

**{¶49}** Turning to the trial court's conclusion that the interests of justice were not offended by its dismissal of the second motion to dismiss/suppress, Appellant asserted generally in his omnibus motion that his case would be "hobbled" by his inability to file motions beyond the Crim.R. 12(D) deadline. However, every defense attorney that files a motion out of time could make the same generic argument. Finally, Appellant accused the trial court and the state of judicial and prosecutorial vindictiveness, but the prosecutor's single reference to the previous appeal at the hearing was innocuous.

**{¶50}** Next, Appellant did not offer good cause for his failure to file a motion for leave shortly after he was retained. Appellant alleged the second motion to dismiss/suppress was delayed due to his difficulty accessing the matrix. According to the prosecutor however, defense counsel made no effort to rectify the problem with the matrix until he was contacted by the state. Further, defense counsel was appointed after remand and should have known that discovery had been provided to previous counsel and was readily available.

**{¶51}** Even in the absence of discovery, defense counsel was on notice of the possible suppression issue based on the docket. The original motion was in the case file. The Fourth District observed in *State v. Shelton*, 1st Dist. Hamilton No. C-060789, 2007-Ohio-5460:

> [u]nless the defendant's counsel demonstrates to the satisfaction of the court that he did not know and could not reasonably have been expected to know of facts tending to establish a constitutional violation of his client's rights in sufficient time to have complied with the time limitations of Crim.R. 12, then he has failed to sustain his burden of rebutting the presumption of waiver, and the trial court does not err in admitting the challenged evidence.

*Id.* at ¶ 5. Insofar as a review of the file would have revealed the suppression issue, we find that defense counsel's problem with the matrix does not excuse his failure to immediately file a motion for leave to refile or reinstate the original motion.

**{¶52}** Appellant also contends that the trial court's decision overruling the motion to dismiss/suppress was a product of vindictiveness. He asserts the trial court was provoked by the state to overrule the motion, based on statements made by the prosecutor at the September 28, 2022 hearing regarding Appellant's successful appeal. However, the state's only reference to the prior appeal was in its introduction of the subject matter to be addressed at the hearing. The prosecutor prefaced his arguments based on timeliness as follows: "Your Honor, as the Court is no doubt aware, we're here based upon a remand where [Appellant] had chosen to exercise his appellate rights pursuant to Criminal Rule 11 and the colloquy, the word 'public' trial versus 'jury' trial." (9/28/22 Hrg., p. 2.)

**{¶53}** Appellant further asserts for the first time on appeal the interest of justice required the trial court to consider the motion to dismiss/suppress based on the fact that the original motion to suppress and dismiss was withdrawn in exchange for his vacated plea. Arguments raised for the first time on appeal are reviewed for plain error. *See* Crim.R. 52(B) ("Plain errors or defects affecting substantial rights" may be noticed although they were not brought to the attention of the court.); *State v. Rogers*, 143 Ohio

St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22 (an appellate court's invocation of plain error requires the existence of an obvious error which affected substantial rights).

**{¶54}** Even assuming arguendo that the original motion to suppress and dismiss was still pending due to the vacation of the plea, the motion was filed outside of rule. Appellant was arraigned on March 5, 2015 and the original motion to suppress and dismiss was filed on July 29, 2015. Further, the original motion was not accompanied by a motion for leave to file, therefore there is no explanation for the untimeliness. We have previously recognized that an untimely motion without a corresponding motion for leave to file is a nullity.

**{¶55}** Moreover, in the absence of any explanation in the record for the untimely pleading, Appellant cannot carry his burden to demonstrate good cause. Of equal import, the search warrant and affidavit at issue in the suppression motions is not a part of the record, and as a consequence, we cannot undertake a merits analysis.

**{¶56}** Finally, Appellant advances a procedural argument in support of his conclusion that the trial court abused its discretion in overruling the motion to dismiss/suppress. He cites the Fourth District's opinion in *State v. Robson*, 165 Ohio App.3d 621, 2006-Ohio-628 (4th Dist.), for the proposition that the trial court was foreclosed from overruling the motion to dismiss/suppress on procedural grounds because it conducted a hearing on the motion. Like Appellant, Robson absconded for three years before he was arrested on a bench warrant. The Fourth District opined "by holding a hearing on the merits the court below inherently found some merit to the motion and purged any waiver due to the lateness of the motion." *Id.* at ¶ 19.

**{¶57}** Unlike the trial court in the above-captioned case, the trial court in *Robson* raised the waiver issue sua sponte at the commencement of the hearing, then proceeded to accept testimony regarding the merits. On appeal, the Fourth District observed "the time for evaluating good cause for a late motion to suppress is prior to conducting an evidentiary hearing on the motion, not after all the evidence has been submitted during a contested hearing." *Id.* Finally, the *Robson* Court found the interest of justice would be served by remand for consideration of the merits as it appeared that the trial court overruled the motion to suppress as a penalty for Robson's failure to appear. *Id.* at ¶ 21.

**{¶58}** Here, the state raised the waiver argument for the first time at the commencement of the hearing and the trial court overruled the motion on the record at the hearing, without hearing any testimony on the merits. Further, it cannot be gleaned from the record that the trial court overruled the motion as a punishment based on Appellant's failure to appear. Accordingly, we find that the facts in this case are clearly distinguishable from the facts in *Robson.*

**{¶59}** In summary, we find that both motions at issue in this appeal were untimely and unaccompanied by a motion for leave to file the untimely motions. With respect to the second motion to dismiss/suppress, we find the trial court did not abuse its discretion when it found that defense counsel had not demonstrated good cause for his failure to file the motion shortly after he was retained. With respect to the original motion to suppress and dismiss, we find there is no evidence in the record to demonstrate good cause for the untimeliness of the motion, and we cannot undertake a merits analysis to determine that the trial court committed an obvious error that affected Appellant's substantial rights. Accordingly, we find Appellant's first assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

**APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS ATTORNEY DID NOT FILE THE MOTION TO SUPPRESS EVIDENCE WITHIN THE TIME PROVIDED IN CRIM.R. 12(D).**

**{¶60}** Appellant argues that defense counsel provided ineffective assistance because both his original and post-remand counsel failed to timely file the motion to dismiss/suppress. A claim of ineffective assistance of counsel requires a showing of both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In evaluating an alleged deficiency in performance, the reviewing court must determine whether there was "a substantial violation of any of defense counsel's essential duties to his client." *State v. Bradley*, 42 Ohio St.3d 136, 141, 538 N.E.2d 373 (1989). Appellate court review is highly deferential to defense counsel's decisions as there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Id.* at 142-143, 538 N.E.2d

373, (there are "countless ways to provide effective assistance in any given case"), citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

**{¶61}** Further, a reviewing court should not second-guess the strategic decisions of counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Even debatable trial tactics do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101.

**{¶62}** In order to demonstrate prejudice, counsel's errors must be so serious that there is a reasonable probability the result of the proceedings would have been different. *Carte*r, 72 Ohio St.3d at 558, 651 N.E.2d 965. Lesser tests of prejudice have been rejected: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d at 142, fn. 1, 538 N.E.2d 373, quoting Strickland, 466 U.S. at 693, 104 S.Ct. 2052. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair due to the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

**{¶63}** With respect to Attorney Burke, we find the motion clock expired in 2015. Accordingly, Attorney Burke did not render ineffective assistance of counsel because it was impossible for him to file a timely motion. It can be argued that Attorney Burke provided ineffective assistance of counsel when he failed to argue that the interests of justice required that the second motion to dismiss/suppress should be considered based on the withdrawal of the original motion to suppress and dismiss in exchange for Appellant's original plea. However, the original motion to suppress and dismiss was also untimely filed and unaccompanied by a motion for leave.

**{¶64}** Appellant argues that his original defense counsel was ineffective based on the merits of the motion to suppress and dismiss, and contends that defense counsel should have timely filed the motion. However, the timeliness of the motion became irrelevant when Appellant withdrew the motion in exchange for his plea. Appellant received a substantial benefit from his plea. Two counts in the indictment were dismissed and the remaining two counts were amended to reduce the degree of the crime charged,

Case No. 22 BE 0070

which resulted in a three-year reduction in the maximum sentence for amended count one and the imposition of concurrent sentences.

{¶65} Further, on remand, the state extended a slightly-modified, but consequentially-similar plea offer to Appellant. Appellant could have entered a plea to a felony of the second degree and two felonies of the third degree. Presumably, two of the convictions would have merged, and the trial court would have imposed the same maximum sentences to be served concurrently that were imposed at the original sentencing hearing. In other words, following remand, the case was effectively reinstated in precisely the same condition that existed before the trial court's error at sentencing. Appellant could have obtained the benefit of original trial counsel's deal with the state in exchange for his plea. Because Appellant chose instead to enter a plea of no contest in order to preserve his challenge to the trial court's decision on the second motion to suppress and dismiss, we find that original defense counsel did not provide ineffective assistance.

{¶66} Having reviewed the performance of both of Appellant's counsel, we conclude that Appellant has failed to demonstrate that he received ineffective assistance. Accordingly, his second assignment of error has no merit.

### ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE IT IMPOSED A HARSHER SENTENCE FOLLOWING A SUCCESSFUL APPEAL.**

{¶67} Appellant argues that his post-remand sentence is unconstitutional, as his sentence increased following remand and there was no new information in the PSI or presented to the court supporting the increased sentence. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d. 656 (1969), the United States Supreme Court held when a trial court imposes a longer sentence after a successful appeal there exists a presumption of vindictiveness that impacts the defendant's constitutional right to appeal. In order to overcome the presumption, the increase must be justified by events that transpired subsequent to the first trial. *Id.* at 723-724. Twenty years later, in *Alabama v.*

*Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d. 865 (1989), the Supreme Court significantly narrowed the presumption, holding the presumption only exists when there is a reasonable likelihood that an unexplained increase in a defendant's sentence following remand is the product of actual vindictiveness on the part of the sentencing court. Where there is no such reasonable likelihood, the defendant has the burden of proving actual vindictiveness.

**{¶68}** Contrary to Appellant's assertion, there was no "unexplained" increase in Appellant's sentence here.  At the hearing, the trial court recognized Appellant's original sentence was the result of a negotiated plea.  In exchange for Appellant's guilty plea, the state dismissed two charges and amended the remaining two charges from a felony one and two to a felony two and three.

**{¶69}** Appellant contends that no new facts were introduced upon which the trial court could rely to increase Appellant's sentence.  However, post-remand, Appellant entered a plea of guilty to possessing and distributing a larger quantity of drugs than at the original sentencing hearing.  Accordingly, we find the increase in the quantity of drugs possessed and trafficked constitutes a new fact, therefore, no presumption of vindictiveness arises in this case.  The record reflects the trial court imposed the maximum sentences to be served concurrently at both sentencing hearings.

**{¶70}** We further find there is no evidence of actual vindictiveness in the record. Appellant contends that the trial court gave undue deference to the recommendation of the state regarding the imposition of the maximum sentences at the sentencing hearing. While it is true that the trial court requested the state's response to defense counsel's argument regarding the presumption of vindictiveness, and sought the state's recommended sentence, there is no evidence in the record that the trial court abdicated its ultimate authority on sentencing to the state.

**{¶71}** Based on the charges to which Appellant entered his plea of no contest, we find no "unexplained" increase in Appellant's sentence and no evidence of actual vindictiveness.  Accordingly, we find Appellant's third assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 4

## THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE.

**{¶72}** Finally, Appellant challenges the trial court's imposition of maximum sentences based on the sentencing factors in R.C. 2929.11 and 2929.12. R.C. 2953.08(G) sets forth the standard of review in all felony sentencing appeals in Ohio. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶73}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Ohio Supreme Court held that a reviewing court cannot invoke subdivision (G)(2)(a) of R.C. 2953.08 to review whether the record supports R.C. 2929.11 or R.C. 2929.12

findings as those statutes are not listed in (G)(2)(a). *Id.* at ¶ 27-29. Furthermore, the "otherwise contrary to law" language in the sentencing review statute does not allow the appellate court to reverse by finding "the record does not support the sentence." *Id.* at ¶ 38. Moreover, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; see also *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784 (R.C. 2953.08 precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12.)  Further, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 163 Ohio St.3d 242 at ¶ 20, 169 N.E.3d 649, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶74}** At the sentencing hearing and in the judgment entry, the trial court memorialized its consideration of the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Insofar as the individual sentences did not exceed the statutory maximum sentence for either conviction, we find that the trial court did not err in imposing the maximum sentences, and Appellant's fourth assignment of error has no merit.

## CONCLUSION

**{¶75}** For the foregoing reasons, Appellant's convictions and sentence are affirmed.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 22 BE 0070

[Cite as *State v. Lanier*, 2023-Ohio-3088.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**